Jordan *vs.* The State.

---

No. 75.—RANDAL JORDAN, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] The demand authorized under the XVIIIth section of the 14th division of the Penal Code, may be made at any time during the term, provided there be a Jury empannelled and qualified to try the cause; it must be made, to be available, before the Jury is discharged.

Jordan *vs.* The State.

[2.] Doubts expressed, as to the soundness of the construction put upon this section, in *Denny vs. The State*, (6 *Ga. Rep.* 491.)

Motion, in Dougherty Superior Court. Decided by Judge PERKINS, June Term, 1855.

Jordan was indicted for voluntary manslaughter. At May Term, 1855, after the Juries were discharged, (the case not having been called in its order, because it was not reached,) he moved to place upon the minutes a demand for trial. The Court refused the motion, and this decision is assigned as error.

WARREN & WARREN, for plaintiff in error.

Sol. Gen. LYON; MORGAN for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] By the XVIIIth sect. of the 14th division of the Penal Code, is enacted, that "any person against whom a true bill of indictment is found, for an offence not affecting his or her life, may demand a trial at the term when the indictment is found, or at the next succeeding term thereafter; which demand shall be placed upon the minutes of the Court; and if such person shall not be tried at the term when the demand is made, or at the next succeeding term thereafter: *Provided*, that at both terms, there were Juries empannelled and qualified to try such prisoner, then he or they shall be absolutely discharged and acquitted of the offence charged in the indictment." (*Cobb's Digest*, 836.)

Now, the only question in this case is, whether the demand must be made before the Jury is discharged for the term?

We have never known any other construction put upon this Act, than the one given to it by Judge PERKINS, namely: that the demand should be made while there is a Jury in attendance upon the Court. And while we adhere to this

uniform and contemporaneous construction of the statute, we hold that it is the priviliege of the prisoner to make his demand at any time during the Court, before the Jury is discharged; at the same time, suggesting that it is a most appropriate period to do this, when the Court is about to discharge the Jury for the term. But the earlier the demand is made, the better; for it enables the Court to give such directions to the business of the term, as will secure a trial to those who are urging it.

We could assign strong reasons in support of the practice which has grown up under the Statute; but we forbear to do so.

[2.] In *Denny vs. The State,* (6 *Ga. Rep.* 491,) this Court held, that the defendant, under this Statute, was entitled to make his demand, not only at the term when the indictment was found, or at the next succeeding term thereafter, *but at any subsequent term of the Court.* The reasoning, in support of that interpretation of the Act, is plausible; but subsequent reflection has induced me to doubt whether it was a sound construction of the Code, either upon principle or policy.