### 21165. DENNIS v. GRIMES, Sheriff.

DUCKWORTH, Chief Justice. This is a habeas corpus case. The petitioner was indicted for murder by shooting the deceased with a pistol, and for a midemeanor for carrying a pistol on his person without a license and concealed. He filed a demand for a trial on both of these indictments, and after a trial for murder was convicted, which judgment was reversed by this court in *Dennis v. State*, 216 Ga. 206 (115 S. E. 2d 527). Upon the return of the remittitur during the July term, 1960, neither of the above cases was placed on the trial calendar, although a jury was impaneled to try criminal cases during that term. Thereafter, the cases were placed on the trial calendar at the September term, 1960, at which time the defendant was present announcing ready, but on motion of the State the cases were taken off the calendar and not thereafter replaced during the term. Thereafter, the petitioner brought this action, alleging that he should be discharged because two regular terms of court had convened and adjourned since his demand for trial, and he was absolutely

discharged and acquitted of the charges for this reason. After a hearing, the court remanded his custody back to the sheriff of the county. The exception is to this judgment. *Held:*

1. If at a term when a demand for trial is operative, a trial be had resulting in a verdict of guilty, and a new trial thereafter be granted, the defendant is not required to again demand a trial, since the State is already on notice of the demand, and if two regular terms go by in which juries are impaneled and qualified, and he is not tried, "he shall be absolutely discharged and acquitted of the offense" not affecting his life in which a demand for trial has been made. *Code* § 27-1901; *Huntley v. State,* 105 Ga. 636 (31 S. E. 543); *Gordon v. State,* 106 Ga. 121 (32 S. E. 32); *Stripland v. State,* 115 Ga. 578 (41 S. E. 987); *Dublin v. State,* 126 Ga. 580 (55 S. E. 487).

2. While the demand for trial was filed on October 9, 1959, and the new trial in the murder case was granted upon the remittitur of this court being made the order of the lower court during the July term, 1960, which tolled the statute during said period as to that charge, nevertheless, the demand for trial in the misdemeanor case required a trial at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try the accused, and the petitioner is entitled to discharge and acquittal of the misdemeanor offense, since he has not been tried as required by law. *Durham v. State,* 9 Ga. 306 (2); *Dacey v. State,* 15 Ga. 286; *Jordan v. State,* 18 Ga. 532; *Hurt v. State,* 62 Ga. App. 878 (1) (10 S. E. 2d 136).

3. But not so as to the murder indictment, since the record does not show that the defendant was present in court announcing ready and requesting a trial thereon for two terms after the term at which the demand was filed, as required by *Code Ann.* § 27-1901.2 (Ga. L. 1952, pp. 299, 300), even though juries were impaneled and qualified to try the defendant at more than two of these terms. The appellate review and grant of a new trial tolled the terms of court from the trial term to the July term, 1960, when the new trial was granted; but there is no evidence that the defendant was present in court announcing ready and requesting a trial at that term, and there must be compliance with the above statute in order for him to be discharged and acquitted thereunder.

It follows that the court did not err in remanding the defendant to the custody of the sheriff under the indictment for murder; and this is true even though the stipulation shows that the defendant has been in custody during all this period of time, and counsel argues that he could not be present in court and announce ready for this reason, as he was represented by counsel who could have done this for him, as was done during the September term, 1960.

*Judgment reversed in part and affirmed in part. All the Justices concur.*

SUBMITTED FEBRUARY 14, 1961—DECIDED MARCH 9, 1961.

*Scott Walters, Jr., Guy R. Dunn, Wavelyn E. Smith,* for plaintiff in error.

*Paul Webb, Solicitor-General, Charles A. Williams, Eugene L. Tiller,* contra.