## 52071. HOOKS v. THE STATE.

EVANS, Judge.

Defendant was indicted and tried for the offense of aggravated assault. A mistrial resulted when the jurors could not reach a verdict. On his next trial he was convicted and sentenced to 10 years. Defendant appeals. *Held:*

1. Defendant's first contention is that he had an affray with another in a restaurant and since the "victim" of the alleged aggravated assault had plead guilty to the offense of affray, the evidence was insufficient to convict him of a provoked assault on the victim with a deadly weapon (a knife). But the plea of guilty of the victim to the offense of affray is insufficient to demand a finding that this defendant was not guilty of aggravated assault. The mere fact that the defendant did not initiate the fight does not necessarily show that he was not guilty of aggravated assault with a knife, a deadly weapon. The evidence was sufficient to support the verdict. See *Geiger v. State,* 129 Ga. App. 488, 503 (199 SE2d 861); *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891).

2. A retrial following a mistrial caused by a failure of the jury to agree on a verdict is not a case of double jeopardy in this state. See in this connection *Bush v. State,* 117 Ga. App. 310 (160 SE2d 456); *Harwell v. State,* 230 Ga. 480 (197 SE2d 708). It was within the discretion of the trial court to discharge the jury when they were unable to agree on a verdict. Defendant contends that the court failed to give the jury sufficient time to resolve its

differences and to deliberate further, there being only a short period of deliberation. This alone is insufficient to show that the trial court abused its discretion by granting a mistrial. See *Hyde v. State,* 196 Ga. 475 (1), 479 (26 SE2d 744); *Cameron v. Caldwell,* 232 Ga. 611 (208 SE2d 441).

3. Further, defendant failed to offer a plea of former jeopardy before going to trial. A plea of former jeopardy is a personal privilege and may be waived. See *Key v. State,* 84 Ga. App. 599, 600 (66 SE2d 773); *Denson v. State,* 209 Ga. 355 (72 SE2d 725); *Phelps v. State,* 130 Ga. App. 344 (203 SE2d 320).

4. There is no merit in any of the errors enumerated.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED APRIL 8, 1976 — DECIDED APRIL 21, 1976 — REHEARING DENIED MAY 6, 1976.

*Durden, Durden & Allen, Rodney L. Allen,* for appellant.

*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney,* for appellee.