## 77329. RAMIREZ v. THE STATE.
(380 SE2d 323)

BENHAM, Judge.

Appellant Ramirez and co-defendant Moreno were convicted in a joint trial of trafficking in cocaine. Ramirez appeals from his conviction, contending that the evidence was not sufficient to support his conviction, and that the trial court erred in its instructions to the jury.

1. At approximately 9:00 a.m. on December 12, 1987, a Georgia State Patrol trooper stopped the car appellant was driving on an interstate entrance ramp and cited him for failure to yield right-of-way. Appellant displayed a valid Florida driver's license in response to the trooper's inquiry. Because the car had a Massachusetts tag, the officer asked to see proof of ownership of the car, and appellant informed him that the passenger owned the vehicle. Observing a man reclining in the back seat with a coat over his head and a "readily accessible briefcase" on the back floorboard, and fearing for his personal safety, the trooper called for back-up personnel. When they arrived, a second officer approached the car and awakened the sleeping man, who displayed a Massachusetts driver's license identifying him as Moreno, and the appropriate vehicle registration documents. The back-up trooper told the trooper who had stopped the car that everything was in order. Moreno then said to the trooper, "Me open trunk. You look." Moreno opened the trunk and the trooper saw only luggage. Moreno then went to the left rear door, the same one he had used to exit the car and said, "Me open car." When he opened the back left door, the trooper noticed that the door panel wiggled. He lifted the door panel, looked under it, and observed two yellow packages, which

subsequent testing proved to be 4.4 pounds of 79 percent pure cocaine. Appellant and Moreno were arrested, and the car searched. No more contraband was unearthed, but the trooper discovered other hidden compartments: one on the other backseat door panel; one in the frontseat armrest; and one in the dashboard just above the glove compartment. Another trooper searched the trunk and found approximately $55,000 in $20, $50, and $100 bills divided into eight rubber-banded packets, stuffed in tennis shoes and in a suitcase. The trooper searched appellant and Moreno and found a rubber-banded packet of approximately $4,000 in Moreno's waistband, under his shirt. The officer opined that appellant was "surprised" by the discovery of $4,000 on Moreno's person. Appellant had about $200 in his briefcase, and his round-trip, Miami-Boston-Miami airline ticket reflecting a Boston arrival on Friday, December 11, and a departure on the afternoon of Sunday, December 13.

Appellant testified that he was a resident of Florida who had flown to Boston, Massachusetts, on Friday, December 11, to discuss the sale of his nightclub with a man named Rodriguez. The two held their meeting in the Boston airport. Appellant had planned to spend the weekend in Boston with Rodriguez, but was forced to change those plans when Rodriguez stated he had business in New York and had to leave. Appellant then called his wife, who worked for a travel agency in Miami, to arrange an earlier flight back to Miami. While he was on the phone, he was greeted in the airport by a passerby, Moreno, who was also an acquaintance. He finished his telephone conversation and told Moreno of his trip and his predicament. Moreno said he was driving to Miami and asked appellant to accompany him to help with the driving. According to appellant, Moreno drove first and then appellant took the wheel. Appellant sat in the front passenger seat when he was not driving.

On December 12, 1987, the date of the alleged offense, OCGA § 16-13-31 (a) provided that "[a]ny person . . . who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10% or more of cocaine . . . commits the felony offense of trafficking in cocaine. . . ." Ga. L. 1986, p. 397, § 1. The statute, since amended, required *actual* possession in order to sustain a conviction for trafficking (*Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988); *Ramsay v. State*, 175 Ga. App. 97 (7) (332 SE2d 390) (1985)), and mere presence near hidden contraband was not enough to support a criminal conviction requiring actual possession. See *In the Interest of C. A. A.*, 187 Ga. App. 691, 693 (371 SE2d 247) (1988). However, this court, in a recent en banc decision, held that the driver of an automobile in which contraband and cash were discovered was in joint actual possession of the contraband with the car owner/procurer/passenger. *Cochran v. State*, 190 Ga. App. 884 (1) (380 SE2d 319) (1989). In

light of the decision in *Cochran*, we are compelled to hold that the evidence presented in the case at bar was sufficient for a rational trier of fact to conclude appellant was in actual possession of the hidden contraband, and convict him of trafficking in cocaine. Id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contends that the trial court erred in charging the jury that it was authorized to convict appellant of trafficking in cocaine if it concluded beyond a reasonable doubt that appellant had actual or constructive possession of the cocaine.

As stated earlier, at the time of appellant's alleged offense, OCGA § 16-13-31 (a) (1) provided that "[a]ny person who . . . is knowingly in actual possession of 28 grams or more of cocaine or of any mixture with a purity of 10% or more of cocaine . . . commits the felony offense of trafficking in cocaine. . . ." Ga. L. 1986, p. 397, § 1. In *Lockwood v. State*, supra, the Supreme Court reversed a conviction for trafficking in cocaine on the ground that a charge identical to the one now before us authorized the jury to convict the defendant based on a finding that he was in *constructive* possession of the cocaine while the statute clearly required a finding of *actual* possession. Id. at 798. See *Coleman v. State*, 189 Ga. App. 366 (7) (375 SE2d 663) (1988); *Deych v. State*, 188 Ga. App. 901 (2) (374 SE2d 753) (1988); *Chews v. State*, 187 Ga. App. 600 (6) (371 SE2d 124) (1988).

The State seeks to distinguish this case from *Lockwood* and its progeny, and maintains it is controlled by this court's decisions in *Partridge v. State*, 187 Ga. App. 325 (5) (370 SE2d 173) (1988); and *Raines v. State*, 186 Ga. App. 239 (4b) (366 SE2d 841) (1988). In each of the cases cited by the State, however, the trial court took care to instruct the jury that a conviction for trafficking in cocaine was authorized only if the jury concluded beyond a reasonable doubt that the defendant had actual possession. No such limiting instruction was given in the case at bar. Accordingly, appellant's conviction must be reversed.

We note that the General Assembly acted swiftly following the *Lockwood* decision to amend OCGA § 16-13-31 (a) by removing actual possession as an essential element of the crime. Ga. L. 1988, p. 420, § 2, effective March 28, 1988. Thus, the error mandating reversal in the case at bar will soon run its course.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 9, 1989 —
REHEARING DENIED MARCH 22, 1989 — ▮▮▮▮▮▮▮

*T. Stanley Sunderland, Herbert Shafer, L. Paul Cobb, Jr.*, for appellant.

*Thomas C. Lawler III, District Attorney, Daniel J. Porter, Assis-*

*tant District Attorney*, for appellee.