### A90A0286. RAMIREZ v. THE STATE.
(395 SE2d 315)

BEASLEY, Judge.

The issue is whether a defendant who filed a demand for trial pursuant to OCGA § 17-7-170 and was timely tried, but whose conviction was reversed on appeal, must be retried in the same number of days as remained for the original trial under the demand or be discharged and acquitted for lack of prosecution.

Ramirez and a co-defendant were indicted for trafficking in cocaine under former OCGA § 16-13-31 (a) on February 2, 1988, during the January 1988 term of the Superior Court of Gwinnett County. The circuit has six regular terms of court: January, March, May, July, September and November. Ramirez filed a statutory demand for trial during the January Term, when jurors were impaneled and qualified. Ramirez and his co-defendant were tried during the succeeding regular March Term and convicted on March 16, with forty-six days remaining in the term. Ramirez successfully appealed his conviction. See *Ramirez v. State,* 190 Ga. App. 889 (380 SE2d 323) (1989). The remittitur was filed in the trial court on May 19, 1989, and entered as the judgment of the trial court on June 5. The State called the case for retrial on August 28. Ramirez filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170 (b). The trial court denied the motion.

Ramirez contends that he had to be retried within forty-six days of the judgment on the remittitur which in effect called for a new trial.

1. Preliminarily, we find that the notice of appeal was filed, prematurely, after appellant's motion was orally denied but before the written order of denial was signed and filed with the clerk. OCGA § 5-6-31. The merits are reached nevertheless, in accordance with *Sharp v. State,* 183 Ga. App. 641 (1) (360 SE2d 50) (1987) and the cases cited therein.

2. Defendant's construction of OCGA § 17-7-170 as applied to his case does not square with the statutory language, the relevant case law, or the reality of trial and appellate processes.

The statute "was enacted to implement the [state] constitutional provision for a speedy trial . . . [so that] the accused might [not] suffer uncertainty, emotional stress, and the economic strain of a pending prosecution indefinitely. . . ." *Hubbard v. State,* 254 Ga. 694, 695

(333 SE2d 827) (1985). Of necessity, it affords the State a reasonable time frame in which to prepare and try its case against the accused. This would be no less true in a retrial after reversal on appeal. The State is able and obligated to try the case only during periods when the court has jurisdiction of it.

Under appellant's construction, the State could not responsibly rely on the time period provided by the statute to originally try a defendant. Pragmatically it would have to ready its case for trial in a truncated period, to conserve a cushion of time in case of the necessity of retrial following a reversal on appeal. This would contravene the express terms of the statute and be an unworkable criminal trial process. Subsequent convictions and subsequent successful appeals would preclude retrial altogether as timely impossible. Of utmost importance, retrial only within the tolled remaining days, be it one, ten, or forty-six, would interrupt the calendar already set and disrupt the preparations of others who were entitled to a speedy trial. Having sought a new trial, defendant must await his turn. There is no basis for pegging the time as a carryover from the date of the trial which was declared defective.

A Supreme Court decision has provided guidance. *Dennis v. Grimes*, 216 Ga. 671 (118 SE2d 923) (1961), is a habeas corpus case in which there was a demand for trial under Code § 27-1901, the predecessor of OCGA § 17-7-170, reversal of conviction on appeal, and a new trial. The Court held that a defendant was not required to again demand a trial and that absolute discharge and acquittal would result "*if two regular terms go by* in which juries are impaneled and qualified, and [defendant] is not tried." Id. at 672 (Emphasis supplied.) The ultimate judgment in relation to the time frame in *Dennis* shows that the Court contemplated that the demand would run again in its entirety for retrial.

Defendant's reliance on *Geiger v. State*, 25 Ga. 667 (1858) and *Brown v. State*, 85 Ga. 713 (11 SE 831) (1889), is misplaced. The former determined that the trial ending in mistrial did not constitute a trial under OCGA § 17-7-170 so that another trial was needed within the initial statutory period. The latter held that the benefit of a demand for trial was not lost by reason of the entry of a nolle prosequi without defendant's consent.

The trial court correctly rejected appellant's interpretation of his demand for trial rights and thus properly refused to discharge and acquit him.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 6, 1990 —
REHEARING DENIED JUNE 19, 1990 — CERT. APPLIED FOR.

*Michael M. White*, for appellant.
*Thomas C. Lawler III*, District Attorney, *Debra K. Turner*, Assistant District Attorney, for appellee.