## A92A0674. RAMIREZ v. THE STATE.
### (422 SE2d 3)

POPE, Judge.

This is defendant's third appeal to this court. See *Ramirez v. State*, 190 Ga. App. 889 (380 SE2d 323) (1989); *Ramirez v. State*, 196 Ga. App. 11 (395 SE2d 315) (1990). Defendant was first convicted for trafficking in cocaine in March 1988. That conviction was ultimately reversed in defendant's first appeal to this court. Defendant was next tried in December 1990, but that trial ended in a mistrial. Defendant now appeals from his conviction in his third trial in January 1991. The facts adduced at defendant's third trial are essentially the same facts presented at defendant's first trial and are recited in *Ramirez*, 190 Ga. App. at 889-890.

1. The defendant first contends that the trial court erred in denying the defendant's motion for directed verdict at the close of the State's case because the evidence was insufficient as a matter of law to support defendant's conviction. The facts in this case are remarkably similar to those in *Cochran v. State*, 190 Ga. App. 884 (1) (380 SE2d 319) (1989) in which we held the driver of an automobile in which contraband and cash were discovered was in joint actual possession of the contraband with the car owner/passenger. In this case, as in *Cochran*, there was sufficient evidence for a rational trier of fact to conclude defendant was in actual possession of the hidden contraband and convict defendant of trafficking in cocaine. See *Ramirez*, 190 Ga. App. at 890-891.

2. Defendant next contends that the trial court erred in allowing the State to introduce evidence of similar transactions. It is undisputed that the only evidence of similarity offered by the State between the prior crime and the crime charged was a certified copy of the conviction.

Since this case was tried, the Georgia Supreme Court in *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991) and *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) set forth the procedure that must be followed before similar transaction evidence can be admitted. In *Stephens*, the Georgia Supreme Court held that the procedure followed in this case of presenting only a certified copy of a prior conviction is insufficient to meet the State's burden of showing similarity between the crimes. *Stephens*, 261 Ga. at 468-469. Because we cannot say the erroneous admission of the prior conviction was harmless, defendant's conviction must be reversed on this basis.

The State argues that the decisions in *Stephens* and *Williams* should not be applied to those cases tried before those decisions were issued. The Georgia Supreme Court, however, made it clear in the opinions in those cases by reversing the convictions involved in those cases that the procedure outlined in those cases should be applied

retroactively. We are constrained to follow their direction.

3. The trial court did not err by failing to charge the jury on the principle of equal access. Both the defendant and the other occupant of the vehicle were charged with the offense and no evidence was presented that others had equal access to the vehicle. Accordingly, the principle of equal access is not applicable. *Cochran v. State*, supra.

4. Defendant urges that the prosecutor's comment about defendant's failure to testify at trial is reversible error. In support of this argument, defendant relies upon the recent decision in *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991). The Georgia Supreme Court made it clear in the *Mallory* decision, however, that the opinion would only apply to those cases tried after the decision was issued on December 26, 1991. Defendant was tried before that date. Therefore, the *Mallory* decision does not present grounds for reversible error in this case as defendant contends. Upon retrial, however, the *Mallory* decision will be applicable to this case.

5. Defendant contends the trial court erred by not allowing defendant's sentence to commence until after all defendant's appeals have been exhausted. It appears upon review of the record in this case that defendant's sentence does not comply with the dictates of OCGA § 17-10-9. If upon retrial defendant is convicted, the trial court should ensure that his sentence complies with the dictates of that statute.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 27, 1992 —
RECONSIDERATION DENIED JULY 28, 1992 — ▇▇▇▇▇▇▇

*Michael M. White*, for appellant.
*Thomas C. Lawler III*, District Attorney, *Debra K. Turner*, Assistant District Attorney, for appellee.