## A93A1384. RAMIREZ v. THE STATE.
### (439 SE2d 4)

COOPER, Judge.

This case marks appellant's fourth appeal to this court. Appellant's sole enumeration of error is the trial court's denial of his motion for discharge and acquittal pursuant to OCGA § 17-7-170.

In February 1988, during the January 1988 term of the Gwinnett Superior Court, appellant was indicted for trafficking in cocaine and filed a demand for speedy trial pursuant to OCGA § 17-7-170. The Gwinnett Circuit has regular terms of court in January, March, May, July, September and November. See OCGA § 15-6-3 (20). Appellant was tried and convicted during the March term, but that conviction was reversed in appellant's first appeal to this court. See *Ramirez v. State*, 190 Ga. App. 889 (380 SE2d 323) (1989). Appellant's case was called for retrial in August 1989, and appellant filed a motion for discharge and acquittal which was denied by the trial court. On appeal, we affirmed the trial court's denial of that motion in *Ramirez v. State*, 196 Ga. App. 11 (395 SE2d 315) (1990). Appellant's second trial resulted in a mistrial, and his third trial, which took place in January 1991, resulted in conviction. However, that conviction was reversed in *Ramirez v. State*, 205 Ga. App. 217 (422 SE2d 3) (1992). The remittitur was filed in the clerk's office on October 26, 1992, but the judgment on the remittitur was not filed until November 4, 1992. In February 1993, appellant's case was again called for trial, and appellant filed a motion for discharge and acquittal on the ground that he was not tried within two regular terms of court. The trial court denied the motion and this direct appeal follows. *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985).

Appellant contends that his demand for speedy trial became operative on October 26, 1992, when the remittitur was filed with the clerk and that the failure to try him by the end of the November term entitled him to discharge and acquittal under OCGA § 17-7-170. The State argues that appellant's demand for speedy trial did not become operative until November 4, 1992, when the judgment was entered on the remittitur. The Supreme Court of Georgia provided some guidance on this question in *Dennis v. Grimes*, 216 Ga. 671 (118 SE2d 923) (1961), a habeas corpus case in which there was a demand for speedy trial pursuant to Ga. Code Ann. § 27-1901, the predecessor to OCGA § 17-7-170, and a reversal of that conviction on appeal. The Supreme Court stated that "the new trial . . . was granted upon the remittitur of this court *being made the order of the lower court*." (Emphasis supplied.) *Dennis*, supra at 672 (2). Appellant was tried within two terms of the date the remittitur was made the order of the trial court. In accordance with *Dennis*, we find no error with the trial court's denial of appellant's motion for discharge and acquittal.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED OCTOBER 26, 1993 —
RECONSIDERATION DENIED DECEMBER 14, 1993 —

*Michael M. White*, for appellant.
*Daniel J. Porter, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.