## S94A0957. HENRY v. JAMES.
## S94A0959. HENRY v. THE STATE.
### (449 SE2d 79)

BENHAM, Presiding Justice.

Appellant was indicted in Douglas County for the murder of his twin brother on December 19, 1991, and filed a demand for trial during the next term of court.[1] See OCGA § 17-7-171 (a). In February 1993, the trial court denied appellant's motion to dismiss the charges for failure to try him timely pursuant to his demand for trial, and this court affirmed, concluding that appellant had not established a denial of equal protection. *Henry v. State,* 263 Ga. 417 (434 SE2d 469) (1993).[2] On October 14, 1993, this court issued the remittitur, which was filed in the Office of the Clerk of the Superior Court of Douglas County the following day. The trial court did not make the remittitur the order of the trial court, yet set dates for a pre-trial hearing and the trial. Due to the trial court's failure to make this court's remittitur its order, appellant filed an application for a writ of prohibition and a petition for a writ of habeas corpus, which were heard and denied by another superior court judge (Case No. S94A0957). Appellant also filed a motion to recuse the trial judge, and a second motion to dismiss the prosecution for failure to comply timely with his demand for trial, which motions were denied by the trial court (Case No. S94A0959). Notices of appeal were filed on February 2 (Case No. S94A0957) and February 4, 1994 (Case No. S94A0959). We consolidated the appeals for argument and decision.

1. As four of appellant's five enumerated errors revolve around the efficacy of his demand for trial, we address initially the question of the time within which a demand for trial, made prior to an interlocutory appeal, must be met under OCGA § 17-7-171 (b).

---

[1] The terms for the Superior Court of Douglas County begin on the second Monday of April and October. OCGA § 15-6-3 (15.1).

[2] Appellant's notice of appeal in that case was filed on February 17, five days before the scheduled commencement of his trial on February 22, 1993.

(a) OCGA § 17-7-171 (b) requires that a person accused of a capital crime be "absolutely discharged and acquitted" if he is not tried within the first two regular terms of court that are convened after the term in which the demand was filed, if juries were impaneled and qualified and the defendant was present in court announcing ready and requesting a trial in each of the two terms. *Smith v. State*, 261 Ga. 298 (1) (404 SE2d 115) (1991). That section is similar to OCGA § 17-7-170 (b), which establishes that a non-capital defendant must be tried pursuant to a demand for trial during the term of the demand or the next succeeding regular court term, subject to the same three-prong prerequisites set forth in § 17-7-171 (b) and *Smith v. State*, 261 Ga. at 299. But see *Street v. State*, 211 Ga. App. 230 (438 SE2d 693) (1993).[3] In the case at bar, the State was required to try appellant, pursuant to his demand for trial made during the October 1991 term of court, by the end of the October 1992 term. Prior to the expiration of that time, however, appellant filed a notice of appeal from the denial of his January 1993 motion to dismiss for failure to honor timely the demand for trial. Both the State and appellant agree that the time within which appellant had to be tried was suspended while this court had jurisdiction of the appeal. They disagree as to the period of time following the trial court's resumption of jurisdiction of the case within which appellant had to be tried pursuant to his pre-appeal demand. Appellant contends that, upon return of the remittitur from this court, the State had to try him within 53 days, the amount of time that remained in the October 1992 term when appellant filed his notice of appeal. The State, on the other hand, suggests that the running of the demand time should commence anew upon the return of the case to the trial court.

(b) The initial question for determination is at what point, post-appeal, does the demand clock recommence ticking. In light of conflicting appellate decisions, the question is one of particular concern in the case at bar, where this court's remittitur was filed in the Douglas County Superior Court Clerk's Office on October 15, 1993, but was

---

[3] In cases involving OCGA § 17-7-171, jurors need not be impaneled and qualified during the term the demand is made in order for the demand to cause the time to run. *Mize v. State*, 262 Ga. 489, 490, n. 3 (422 SE2d 180) (1992). Compare OCGA § 17-7-170, where there must be a jury impaneled to try the case during the term the defendant makes the demand for the demand to cause the time to run. *Waller v. State*, 251 Ga. 124 (3) (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984); *State v. McDonald*, 242 Ga. 487 (249 SE2d 212) (1978); *Jordan v. State of Ga.*, 18 Ga. 532 (1) (1855); *McIver v. State*, 205 Ga. App. 648 (423 SE2d 27) (1992); *Kaysen v. State*, 191 Ga. App. 734 (382 SE2d 737) (1989). This distinction is due to the fact that § 17-7-170 (b) provides that a non-capital defendant making a demand for trial must be tried in the term in which the demand is made or the next regular court term thereafter, "provided at both court terms there were juries impaneled and qualified to try him. . . ." In capital cases, the term in which the demand is made is not one of the terms within which the defendant must be tried.

not entered on the minutes of the trial court.

In *Chambers v. State*, 262 Ga. 200 (2) (415 SE2d 643) (1992), we held that the filing of a remittitur from an appellate court in the office of the clerk of the court below divests the appellate court of jurisdiction over the case and immediately reinvests the lower court with jurisdiction. While it is "good practice" to enter the remittitur upon the minutes and have it made the judgment of the lower court (*Lyon v. Lyon*, 103 Ga. 747, 751 (30 SE 575) (1898)), and "it has been the general, if not universal custom of trial courts to enter orders making the judgments of appellate courts the judgment of those courts[,] . . . there is no statutory requirement to this effect." *Hagan v. Robert &c. Assoc.*, 222 Ga. 469, 471 (150 SE2d 663) (1966). However, when the trial court in some way exercises its jurisdiction over the case after the filing of the remittitur but before entering it on the minutes, it is "eminently proper for the judge to pass [a] nunc pro tunc order . . . for it [is] his duty to take such action as would make the minutes show what disposition had been made of the case in the Supreme Court." *Knox v. State*, 113 Ga. 929, 932 (39 SE 330) (1901). See also *Chambers v. State*, supra. While it is clear from the foregoing that the trial court regains jurisdiction to try a defendant upon the filing of the remittitur in the clerk's office, the Court of Appeals held, in *Ramirez v. State*, 211 Ga. App. 356 (439 SE2d 4) (1993) (cert. denied 211 Ga. App. 905), that a defendant's pre-appeal demand for trial does not regain viability until the trial court enters an order making the appellate decision its order. Where, as here, the *Chambers* and *Ramirez* decisions are both factually apropos, a defendant who made a pre-appeal demand for trial is placed in a situation where the trial court may effectively eviscerate the demand by failing to enter the remittitur upon the minutes of the court. This anomalous development is the result of reliance in *Ramirez* on inopportune language in *Dennis v. Grimes*, 216 Ga. 671 (2) (118 SE2d 923) (1961), where this court stated that "the new trial . . . was granted upon the remittitur of this court being made the order of the lower court." In point of fact, the new trial was granted when the appellate court so ordered, and the trial court's duty was to effectuate the appellate judgment upon the filing with the clerk of the lower court of the remittitur ordering the new trial. See *Lyon v. Lyon*, 103 Ga. at 750 ("the effect of the grant of a new trial *by the Supreme Court* is . . ." (emphasis supplied)). See also OCGA § 5-6-10 ("The decision of the appellate court and any direction awarded in the case shall be certified by the clerk to the court below. . . . The decision and direction shall be respected and carried into full effect in good faith by the court below") and OCGA § 17-8-34 ("When a case is sent back for trial to a [lower] court by the Supreme Court or Court of Appeals, the case shall be in order for trial . . ."). We conclude that *Ramirez*, 211 Ga.

App. 356, must be overruled to the extent it holds that a pre-appeal demand for trial is not effective post-appeal until the trial court makes the appellate court judgment the judgment of the lower court. To maintain consistency with previous decisions, we hold that the filing of the remittitur in the lower court should be the point in time at which the demand clock should resume ticking. The language in *Dennis v. Grimes*, 216 Ga. at 672, relied upon by the *Ramirez* court, is disapproved.

(c) Having determined the point at which the State's duty to provide a trial pursuant to a defendant's demand recommences after appeal, we are left to determine the point by which the trial must occur in order to satisfy the defendant's demand. In doing so, we must balance a defendant's statutory right to protection "from the vexation, expense, and very often injustice of a trial long delayed" (*Kerese v. State*, 10 Ga. 95, 97 (1851)), and the State's need for a reasonable time frame in which to prepare and try its case.[4] See *Denny v. State*, 6 Ga. 491 (1849), and *Ramirez v. State*, 196 Ga. App. 11 (2) (395 SE2d 315) (1990). See also *Durham v. State*, 9 Ga. 306, 309 (1851).

We start with the premise that a defendant who timely filed a pre-appeal demand for trial is not required to file a second demand upon return of the case to the trial court after an appeal. *Dennis v. Grimes*, 216 Ga. 671 (1), supra. Further, the period of time within which a defendant must be tried pursuant to that demand is tolled while the appellate court has jurisdiction of the appeal. Id. Whether the tolling of appellate jurisdiction of the case results from an appeal following conviction or from a pre-trial appeal is of no consequence when deciding this question. See *McIver v. State*, 212 Ga. App. 670 (442 SE2d 855) (1994) (pre-trial appeal); *Dennis v. Grimes*, supra (post-conviction appeal); *Ramirez v. State*, 196 Ga. App. 11 (2), supra (post-conviction appeal). Because we must ensure that "the rights of the prosecution are guarded" (*Denny v. State*, 6 Ga. at 494) by the provision of sufficient notice to the State that it must provide a trial (see *Durham v. State*, 9 Ga. at 309; *Ramirez v. State*, 196 Ga. App. 11 (2)), we cannot endorse appellant's suggestion that the demand time resumes at the point it was suspended by the filing of the notice of appeal. That method of calculation does not assure that the State has post-appeal notice of its duty to provide a defendant with the demanded trial. As noted in *Ramirez v. State*, 196 Ga. App. at 12, retrial only within the tolled remaining days would disrupt court calen-

---

[4] As the Court of Appeals implicitly observed in *Ramirez v. State*, 196 Ga. App. 11 (395 SE2d 315) (1990), we must guard against interpreting OCGA §§ 17-7-170 and 17-7-171 in such a manner as to sanction the manipulation of trial and appellate processes by the defendant or the State. See also *Fletcher v. State*, 213 Ga. App. 401, n. 3 (445 SE2d 279) (1994).

dars and the preparation of other cases and, depending upon the number of days left when the notice of appeal was filed, could result in the preclusion of retrial because of the dearth of time in which to assemble the prosecution.[5] On the other hand, the benefits of the original demand for trial should not be wholly lost by the intervention of an appeal. See *Brown v. State*, 85 Ga. 713 (1890). A defendant who timely demanded a trial should not suffer the additional delay of having the demand clock automatically wound anew upon the filing of an appeal. After weighing the competing interests at stake, we conclude that, upon the filing of the remittitur from the appellate court by the clerk's office of the trial court, the State shall have the remainder of that term and one additional regular term of court in which to try the defendant pursuant to his demand for trial, provided there are juries impaneled and qualified to try the defendant. While our ruling does, in essence, provide for the demand to run again in its entirety in non-capital cases governed by OCGA § 17-7-170, the holding comports with reasoning set forth by this court over a century ago in *Silvey v. State*, 84 Ga. 44, 46 (1889) (if defendant was not tried by the end of the term following the term in which the motion for new trial was granted, "he was entitled to discharge under his demand"), and *Brown v. State*, 85 Ga. at 716 (a demand interrupted by mistrial "would stand over and be operative to secure a trial at the next term" and "would probably be so" had a guilty verdict been reached and a new trial granted). Our holding is also in tandem with the decisions rendered by the Court of Appeals in *Ramirez v. State*, 196 Ga. App. 11; *McIver v. State*, supra; and *Garrard v. State*, 213 Ga. App. 401 (445 SE2d 279) (1994).[6] However, we must take issue with the *Ramirez* court's reliance on language in Division 1 of *Dennis v. Grimes*, supra, a capital case, to reach the conclusion that this court intended for a demand to run in its entirety after appeal. We read the first division of *Dennis* as a restatement of OCGA § 17-7-171 (b), and not as a holding that the period of time in which a demand must be met recommences *in its entirety* upon return of the case for trial. Our reading is bolstered by the outcome reached in Division 3 of *Dennis* which, as is the situation in all these cases, is fact-sensitive. Dennis had been indicted for murder and was timely tried pursuant to his demand for trial. This court reversed the conviction and the remitti-

---

[5] For example, Uniform Superior Court Rule 32.1 requires the trial court to give at least seven days' notice of trial to defendants in criminal proceedings; a post-appeal trial would be jeopardized under appellant's method of calculation if the notice of appeal were filed within the last seven days of the term in which a defendant had to be tried.

[6] Our holding also comports with OCGA § 5-5-49, which directs that a case returned after appeal to the trial court be tried in the term of court in which it is returned, or the next term of court, if the trial court exercises its discretion and continues the case to that term. See *Butler v. State*, 207 Ga. App. 824 (429 SE2d 280) (1993).

tur was returned to the trial court during the July term of court. The case was not tried during the remainder of the July term or the September term of court, though the defendant was present announcing ready during the September term. The defendant sought discharge and acquittal on the ground that two terms of court had been convened and adjourned since his demand for trial. This court pointed out that the period for trial had been tolled while the case was on appeal, and concluded that Dennis' motion for discharge and acquittal was properly denied because the record did not show that defendant or his attorney had been present in court announcing ready and requesting a trial during the July term. Had the *Dennis* court held in Division 1 that the time for trial recommenced in its entirety upon return of the remittitur from the appellate court, the affirmance of the denial of the motion for discharge and acquittal in Division 3 would not have been dependent upon the failure of the defendant to appear and announce ready for trial, but upon the fact that the period of time for trial had not yet expired.

Applying our holding to the facts of the case at bar results in the affirmance of the trial court's denial of the motion for discharge and acquittal. Since the appellate remittitur was filed in the Office of the Clerk of the Superior Court of Douglas County on the fifth day of the October 1993 term of court, the District Attorney had the remainder of that term and the entirety of the April 1994 term to bring appellant to trial in a timely fashion pursuant to his demand for trial. The trial court properly denied appellant's motion for discharge and acquittal on February 4, 1994: the motion was premature since the April 1994 term had not expired with appellant not having been tried. Barring future appeals in this case, the State has to try appellant within the term of court within which the remittitur from this appeal is filed in the superior court clerk's office or the next regular term thereafter.

2. "The writ of prohibition is . . . to restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction, where no other legal remedy or relief is given . . . ." OCGA § 9-6-40. A petition for a writ of prohibition which names a superior court judge as respondent may be heard and determined by another superior court judge, whose decision is appealable. *Carey Canada, Inc. v. Head*, 252 Ga. 23 (310 SE2d 895) (1984). The writ is available "only where there is lack of jurisdiction of the subject-matter, or where the act complained of was in excess of the jurisdiction of the court or tribunal (cits.) . . . ." (*Almand v. Brock*, 227 Ga. 586 (1) (182 SE2d 97) (1971)), and "is not generally available for the relief of grievances which may be redressed in the ordinary course of judicial proceedings. . . ." *Shantha v. Municipal Court of City of Atlanta*, 240 Ga. 280, 281 (240 SE2d 32) (1977). In his petition for a writ of prohibition, appellant asserted that the trial court's failure to make the appellate remittitur

the order of the trial court had resulted in the trial court's refusal to accept jurisdiction of the case and the trial court's scheduling of appellant's trial for a date beyond the expiration of the time in which he had to be tried pursuant to his demand for trial. However, the trial court had jurisdiction of appellant's case immediately upon its being filed in the clerk's office (Division 1, supra), and appellant had a legal remedy which he exercised, the filing of a motion for discharge and acquittal, to contest the validity of the trial. Since the trial court had subject-matter jurisdiction and appellant had a legal remedy available, the denial of a writ of prohibition was not error.

3. Appellant's petition for a writ of habeas corpus was based on the same actions of the trial court outlined in the petition for a writ of prohibition. Since the respondent/judge did not have actual physical custody and control of appellant, the trial court did not err in denying the habeas petition as to the judge. *McBurnett v. Warren*, 208 Ga. 225, 229 (66 SE2d 49) (1951). Since appellant was legally restrained, awaiting trial (see Division 1, supra), the denial of the petition for a writ of habeas corpus was not error. OCGA § 9-14-1 (a).

4. Appellant's motion to recuse the trial judge, based on the same allegations of judicial conduct asserted in the petitions for writs of prohibition and habeas corpus was properly denied as "there has been no showing of personal bias or prejudice. . . ." *Waugh v. State*, 263 Ga. 692 (16) (437 SE2d 297) (1993). See also Division 1, supra.

5. The trial court did not manifestly or flagrantly abuse its discretion when it denied pre-trial bond to appellant. *Lane v. State*, 247 Ga. 387 (276 SE2d 644) (1981).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 11, 1994.

*Spruell & Dubuc, Billy L. Spruell, Melinda D. Taylor,* for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney, Michael J. Bowers, Attorney General, Harrison W. Kohler, Senior Assistant Attorney General,* for appellees.