## A94A2498. RAMIREZ v. THE STATE.
(456 SE2d 657)

McMURRAY, Presiding Judge.

On December 12, 1987, Guillermo Ramirez (defendant) and Jorge I. Moreno were arrested after police discovered over four pounds of a substance containing 79 percent pure cocaine and $55,000 in cash in an automobile defendant had been driving. Defendant was subsequently indicted along with co-defendant Moreno for trafficking in cocaine. The resulting prosecutions gave rise to four jury trials and six appeals, including the case sub judice. See *Ramirez v. State,* 190 Ga. App. 889 (380 SE2d 323) (1989); *Ramirez v. State,* 196 Ga. App. 11 (395 SE2d 315); *Moreno v. State,* 204 Ga. App. 463 (419 SE2d 735); *Ramirez v. State,* 205 Ga. App. 217 (422 SE2d 3); *Ramirez v. State,* 211 Ga. App. 356 (439 SE2d 4).

Pursuant to an OCGA § 17-7-170 demand for trial, defendant and co-defendant Moreno were tried before a jury and convicted of trafficking in cocaine. After the Court of Appeals reversed defendant's conviction in *Ramirez v. State,* 190 Ga. App. 889, 891 (2), supra (because of a flawed jury instruction), the trial court granted co-defendant Moreno's motion for new trial. *Moreno v. State,* 204 Ga. App. 463, supra. When the case was called for trial during the term of court following the term in which the remittitur from the Court of Appeals was filed (and made the judgment of the trial court), defendant pressed a motion for discharge and acquittal pursuant to his statutory demand for trial because he was not brought to trial after his appeal within the number of days remaining during the term of court in

which he was first tried. The trial court did not agree and the Court of Appeals affirmed the denial of defendant's motion for discharge and acquittal in *Ramirez v. State*, 196 Ga. App. 11, supra, adopting guidance from *Dennis v. Grimes*, 216 Ga. 671, 672 (1) (118 SE2d 923), in holding "that the demand would run again in its entirety for retrial." Id. at 11 (2), 12, supra.

After defendant's case was called for trial in December 1990, a second jury trial was conducted and co-defendant Moreno was found guilty after several hours of deliberations. However, the jury was unable to reach a verdict as to defendant Ramirez so the trial court declared a mistrial and announced that defendant Ramirez would be retried during the next term of court. Defendant did not object nor did he assert a plea of former jeopardy when his case proceeded to a third jury trial in January 1991. Defendant was thereafter convicted, but, on appeal, this conviction was reversed in *Ramirez v. State*, 205 Ga. App. 217 (2), supra, because of noncompliance with the Supreme Court's rulings in *Williams v. State*, 261 Ga. 640 (409 SE2d 649), and *Stephens v. State*, 261 Ga. 467 (405 SE2d 483). The case was called to trial again in February 1993, but the trial was delayed because defendant filed a motion for discharge and acquittal on the grounds that he was not tried within the two-term rule enunciated in *Ramirez v. State*, 196 Ga. App. 11 (2), 12, supra. The trial court denied this motion and the Court of Appeals affirmed in *Ramirez v. State*, 211 Ga. App. 356, supra, finding that the two-term rule does not begin to run until entry of judgment on the remittitur.[1] The case was called for trial again on April 11, 1994, at which time defendant pressed a plea in bar, arguing that the trial court abused its discretion in declaring a mistrial after his second jury trial in December 1990. See OCGA § 16-1-8 (a) (2). The trial court denied this motion and the case proceeded to trial where the State introduced evidence reflecting essentially the same facts recited in *Ramirez v. State*, 190 Ga. App. 889 (1), supra. The State also presented proof of defendant's commission of a prior similar crime, showing that huge quantities of illegal drugs ("twenty seven thousand quaalude tablets") were found in defendant's van in March 1980, after defendant was arrested for giving a small quantity of the contraband (three quaalude tablets) to an undercover law enforcement officer. In connection with this crime, the State introduced a certified copy of defendant's plea of guilty for distribution of methaqualone in the United States District Court for the Southern District of Florida.

---

[1] The Supreme Court overruled *Ramirez v. State*, 211 Ga. App. 356, supra, holding "that the filing of the remittitur in the lower court should be the point in time at which the demand clock should resume ticking." *Henry v. James*, 264 Ga. 527, 528 (1) (b), 530 (449 SE2d 79).

The jury found defendant guilty of violating Georgia's Controlled Substances Act in that he did possess 400 or more grams of a mixture containing at least 10 percent cocaine. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his plea in bar, arguing that further prosecution of him is barred pursuant to OCGA § 16-1-8 (a) (2) because the trial court abused its discretion in declaring a mistrial at the trial conducted in December 1990. This contention is without merit.

"A retrial following a mistrial caused by a failure of the jury to agree on a verdict is not a case of double jeopardy in this state. See in this connection *Bush v. State*, 117 Ga. App. 310 (160 SE2d 456); *Harwell v. State*, 230 Ga. 480 (197 SE2d 708). It was within the discretion of the trial court to discharge the jury when they were unable to agree on a verdict. Defendant [in the case sub judice argues] that the court failed to give the jury sufficient time to resolve its differences and to deliberate further, there being only a short period of deliberation. This alone is insufficient to show that the trial court abused its discretion by granting a mistrial. See *Hyde v. State*, 196 Ga. 475 (1), 479 (26 SE2d 744); *Cameron v. Caldwell*, 232 Ga. 611 (208 SE2d 441)." *Hooks v. State*, 138 Ga. App. 539 (2) (226 SE2d 765). See *Murff v. State*, 165 Ga. App. 808, 810 (1) (302 SE2d 697) rev'd on other grounds 251 Ga. 478 (306 SE2d 267). However, assuming the contrary, we find no basis for reversal.

"A plea of former jeopardy is a personal privilege and may be waived. See *Key v. State*, 84 Ga. App. 599, 600 (66 SE2d 773); *Denson v. State*, 209 Ga. 355 (72 SE2d 725); *Phelps v. State*, 130 Ga. App. 344 (203 SE2d 320)." *Hooks v. State*, 138 Ga. App. 539, 540 (3), supra. In the case sub judice, defendant failed to assert a plea of former jeopardy before retrial in January 1991. He waited until his case was called for trial on April 11, 1994, to press a plea in bar based on the trial court's alleged abuse of discretion in declaring a mistrial during the trial conducted in December 1990. Under these circumstances, we find that defendant waived his right to assert a plea of former jeopardy based on any abuse of discretion in declaring a mistrial during the trial which was conducted in December 1990.

2. Next, defendant challenges the trial court's decision to admit evidence of his prior criminal acts, arguing there is no "logical connection between [the prior criminal acts and the crime charged in the case sub judice] to indicate that proof of one tends to establish the other."

"Before evidence of similar crimes is admissible, ' " 'two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the indepen-

dent crime and the offense charged.' (Cit.)" (Cit.)' *Carter v. State*, 192 Ga. App. 726, 729 (8) (386 SE2d 389) (1989). Further, ' "evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact." ' Id." (Emphasis omitted.) *Childs v. State*, 202 Ga. App. 488 (1), 489 (414 SE2d 714).

In the case sub judice, the State was allowed to prove that defendant was arrested in March 1980 after giving an undercover officer "three . . . quaalude tablets as a sample of twenty five thousand tablets that [defendant] wanted [the undercover officer] to buy from him"; that "twenty seven thousand quaalude tablets" were found in defendant's van after his arrest and that this incident led defendant to enter a plea of guilty in Florida for distribution of methaqualone. This evidence not only shows that defendant was the perpetrator of the prior criminal acts, it authorizes a finding that the prior criminal acts (underlying defendant's conviction for distribution of meth-aqualone) are sufficiently similar to the crime charged so that proof of the former is relevant to show defendant's plan, scheme, bent of mind and course of conduct in committing the crime charged in the case sub judice. In this regard, any prejudice which may have resulted from admission into evidence of defendant's prior criminal acts was outweighed by its relevance. Consequently, since the trial court gave proper limiting instructions regarding the purpose of the similar transaction evidence (e.g., that evidence of any other crimes committed by defendant should be considered only as it may illustrate the mental state, identity or intent of defendant and for no other purpose), we find no error in admission of defendant's prior criminal acts. *Willis v. State*, 199 Ga. App. 658, 659 (1) (405 SE2d 739). See *Obiozor v. State*, 213 Ga. App. 523 (445 SE2d 553).

3. In his final enumeration of error, defendant contends the trial court erred in denying his motion for mistrial after one of the jurors discovered that he had a personal bias "as far as weighing testimony from one of the witnesses." The problem came to light during the second day of jury deliberations when the trial court received the following note from the jury foreman: "Your Honor, . . . In the course of our deliberations, we have discovered that one of our jurors has a bias that was not uncovered during the jury selection process. . . . We are all convinced, the concerned juror included, that this juror cannot cast an impartial vote in this case. . . . We also are convinced that, as this jury is now constituted, we cannot reach a unanimous verdict. . . . We respectfully request Your Honor to instruct us on how to proceed."

While the trial court and counsel were discussing how to resolve this matter (out of the presence of the jury), the trial court was informed that the jury had reached a verdict. The trial court received

the verdict and ordered it sealed. The court then identified the juror who conveyed a bias toward the testimony of one of the witnesses and questioned him outside the presence of the other jurors. The juror explained the sum of his concern as follows: "Your Honor, my bias surfaced with the display of evidence, in other words, testimony from one of the witnesses. . . . The fact that prior experiences that I had caused me to have a difference of opinion to weigh — a difference of opinion as far as weighing testimony from one of the witnesses. . . . Now, I was not aware that this was going — I did not at the time of selection realize that this incident would have an effect on my decision making ability on this jury, Your Honor." Thereafter, the trial court questioned this juror regarding his bias and offered voir dire to the State's attorney and defense counsel. The juror stated that the panel was able to reach a unanimous verdict, explaining that, "after sending the note to the Court, we took an alternative route of weighing evidence, and using this alternative route which I do not have to use the testimony that I am biased against, I do not have to use that, so therefore I feel I can come to a fair and unbiased decision on this trial, on this case."

Contrary to defendant's contention, the concern expressed by the above juror does not reveal an irregularity which raises a presumption of prejudice requiring proof, beyond a reasonable doubt, that no harm occurred. See *Davis v. State*, 192 Ga. App. 47, 48 (4) (383 SE2d 615). On the contrary, the above juror's concern reveals only that he was prejudiced by the introduction of evidence at trial. "Jurors are not disqualified because they might be 'influenced' by the introduction of material evidence." *Pope v. State*, 256 Ga. 195, 201 (7) (d) (345 SE2d 831). Under the circumstances, we find that the trial court did not err in denying defendant's motion for a mistrial.

4. In a document entitled, "APPELLANT'S AMENDED ENUMERATION OF ERRORS," defendant states that he "presents this amended enumeration of error based upon the Georgia Supreme Court overruling the previous ruling by this Court in *Ramirez vs. The State*, 211 Ga. App. 356[, supra] in the October 14, 1994 ruling of the Georgia Supreme Court in *Henry vs. The State*, [264 Ga. 527, 528 (1b), 530, supra]." We do not reach this contention because defendant's amended enumeration of error was filed more than 20 days after the docketing of the case sub judice. "Enumerations of error may not be amended after the original filing time has expired. *Parham v. State*, 166 Ga. App. 855, 856 (2) (305 SE2d 599) (1983)." *Mikart, Inc. v. Marquez*, 211 Ga. App. 209, 211 (3) (438 SE2d 633).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995 — 

*John G. Cicala,* for appellant.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney,* for appellee.