**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 19, 2013**

# In the Court of Appeals of Georgia

A12A2133. RIDDICK v. THE STATE.

PHIPPS, Presiding Judge.

After a third trial on the same charge,[1] William Riddick was convicted of child molestation. He appeals his conviction, contending that: (1) the evidence was insufficient; (2) the trial court erred by declaring a mistrial during the first trial; (3) the trial court erred in its charge to the jury on prior inconsistent statements; and (4) his trial attorney in the third trial was ineffective. For the reasons that follow, we affirm.

1. Riddick contends that the evidence was insufficient because there was no testimonial evidence that he "put his finger in [the victim]'s vagina," as alleged in the indictment.

---

[1] Both earlier trials resulted in mistrials.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Riddick] no longer enjoys a presumption of innocence[.]"[2] "We do not weigh evidence or determine witness credibility; that is the function of the jury. Instead, we construe the evidence in the light most favorable to the verdict to determine whether it was sufficient to authorize a rational trier of fact to find [Riddick] guilty of the[] offense[] beyond a reasonable doubt."[3]

A person commits the offense of child molestation when he "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]"[4] The indictment charged, pertinently, that Riddick committed the offense of child molestation by "touching [the child's] vagina and placing his finger in her vagina."

---

[2] *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001) (citation, punctuation and footnote omitted).

[3] *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006) (footnote omitted).

[4] OCGA § 16-6-4 (a) (1).

"Where conjunctive pleadings set forth more than one act by which the accused committed the crime, the evidence is sufficient so long as it shows at least one of the acts alleged."[5] "If a crime may be committed in more than one way, it is sufficient for the [s]tate to show that it was committed in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form."[6]

At trial (in 2010), the then 19-year-old victim testified that she told the police in 2005 that one night Riddick, her father, with whom she had lived, had entered her bedroom and touched her vagina. The victim had also written a statement to the police in 2005 about that night. She wrote that, when she was younger, Riddick had come into her bedroom at night, moved her underwear, and "put his hand in [her] & moved it around a little bit." The trial court admitted the written statement in evidence, which Riddick asserts was error. The state also presented evidence that Riddick had committed prior similar crimes against his two stepdaughters when they were youngsters. The evidence, even absent the written statement, was sufficient to

---

[5] *Watson v. State*, 301 Ga. App. 824, 826 (689 SE2d 104) (2009) (citations and punctuation omitted).

[6] *Wilson v. State*, 234 Ga. App. 375 (1) (506 SE2d 882) (1998) (citation omitted).

authorize the jury to conclude that Riddick was guilty of child molestation for touching the victim's vagina.[7]

2. Riddick contends that the trial court erred by declaring a mistrial after the first trial, and that thus, his retrial was barred based on double jeopardy grounds.

OCGA § 16-1-8 (a) (2) pertinently provides that, "[a] prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution . . . [w]as terminated improperly after the jury was impaneled and sworn." Riddick claims that the trial court improperly terminated the first trial because it erroneously concluded that his trial counsel had violated the Rape Shield statute.

"As a general rule, a defendant's failure to file a written plea in bar prior to a second trial waives the right to subsequently raise a challenge on procedural double

---

[7] See *Judice v. State*, 308 Ga. App. 229, 231-232 (2) (707 SE2d 114) (2011) (child molestation conviction affirmed where evidence showed that defendant violated the statute prohibiting child molestation in at least two of the ways alleged in the conjunctive in the indictment); *Martin v. State*, 299 Ga. App. 845, 847 (1) (683 SE2d 896) (2009) (victim's testimony alone was sufficient to establish that defendant had committed child molestation when he touched victim as alleged in the indictment, by "placing his hand on and about" her vagina).

jeopardy grounds."[8] Riddick has not shown that he raised the doctrine of procedural double jeopardy prior to his second trial. As a result, he may not raise this issue in this appeal.[9]

3. Riddick contends that the trial court erred in its charge to the jury on prior inconsistent statements. We disagree.

Specifically, Riddick claims that the trial court admitted in evidence the child's prior written statement to the police for impeachment purposes only and thus erred by instructing the jury that it could consider the statement not only for impeachment purposes, but also as substantive evidence. It has long been established, however, that "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes."[10]

---

[8] *Alexander v. State*, 279 Ga. 683, 685 (2) (b) (620 SE2d 792) (2005) (citation omitted); *Ramirez v. State*, 217 Ga. App. 120-122 (456 SE2d 657) (1995); *Hooks v. State*, 138 Ga. App. 539, 540 (3) (226 SE2d 765) (1976); *Phelps v. State*, 130 Ga. App. 344 (2) (203 SE2d 320) (1973).

[9] See *Alexander*, supra; *Ramirez*, supra; *Hooks*, supra; *Phelps*, supra.

[10] *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982).

The victim, in her 2005 written statement to the police, gave a detailed account of Riddick's molestation of her. When called as a witness at trial by the state and asked to recall events from her 2005 written statement, the victim testified, "I don't want to be here today." She also testified, "I don't want my daddy to go to jail." When the victim was asked about the statement she gave to the police, she stated that she remembered making the written statement but "didn't know that it [would] come back on me years later." When she was asked whether Riddick had touched any of her "private areas," she responded, "I want to go home." When confronted with her written statement and given an opportunity to review it, she testified, "I know I wrote that then but it's hard for me to remember right now." And when asked whether what she wrote in the statement was true, she stated, "I don't know. I don't remember." When asked whether she had lied "about all of that before," she responded, pertinently: "I didn't want my sisters to be mad at me."

"If a reluctant witness testifies that [s]he does not remember whether . . . [s]he made a prior statement, the state is then entitled to introduce the prior statement as inconsistent with the in-court testimony of the witness."[11] The record showed that the

---

[11] *Green v. State*, 298 Ga. App. 17, 21 (1) (679 SE2d 348) (2009) (citations omitted); *Holiday v. State*, 272 Ga. 779, 781 (2) (534 SE2d 411) (2000).

victim was reluctant to testify against Riddick, her father. Accordingly, her written statement to the police was admissible as a prior inconsistent statement and constituted substantive evidence of Riddick's actions. The trial court did not err in instructing the jury that it could consider the prior statement for impeachment purposes and also as substantive evidence.[12]

4. Riddick contends that his trial attorney in the third trial was ineffective for: (a) failing to file a plea in bar of former jeopardy before the third trial based on the trial court's grant of a mistrial in the first trial; and (b) failing to object to the trial court's charge to the jury on prior inconsistent statements.

"To prevail on [an ineffective assistance of counsel] claim, [Riddick] must show that his trial counsel provided deficient performance and that, but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different."[13] "If [Riddick] fails to meet either prong of

---

[12] See *Polite v. State*, 273 Ga. App. 235, 241-242 (8) (614 SE2d 849) (2005) (a trial court does not err in giving a jury instruction that accurately states the law and is supported by slight evidence); *Davis v. State*, 244 Ga. App. 345, 346 (2) (535 SE2d 528) (2000).

[13] *Pennie v. State*, 292 Ga. 249, 251 (2) (_ SE2d _) (2013), citing *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SC 2052, 80 LE2d 674) (1984).

the test for ineffective assistance of counsel, it is not incumbent upon this [c]ourt to examine the other prong."[14]

(a) Riddick contends that his trial attorney in the third trial was ineffective for failing to file a plea in bar of former jeopardy before the third trial based on the trial court's grant of a mistrial in the first trial.

Riddick's trial attorney in the third trial was not the same attorney who represented him in the first and second trials. When the attorney entered the case, Riddick had already waived the right to raise a challenge on procedural double jeopardy grounds because he had failed to file a written plea in bar prior to the second trial.[15] The failure of Riddick's trial attorney in the third trial to file a meritless motion does not amount to ineffective assistance.[16] Thus, Riddick has not shown that his attorney in the third trial performed deficiently by failing to file a plea in bar prior to the third trial.

---

[14] *Thomas v. State*, 318 Ga. App. 849 (5) (734 SE2d 823) (2012), citing *Battles v. State*, 290 Ga. 226, 229 (2) (719 SE2d 423) (2011).

[15] See *Alexander*, supra; *Ramirez*, supra; *Hooks*, supra; *Phelps*, supra.

[16] *Lupoe v. State*, 284 Ga. 576, 580 (3) (f) (669 SE2d 133) (2008).

(b) Riddick contends that his trial attorney in the third trial was ineffective for failing to object to the trial court's charge to the jury on prior inconsistent statements. For the reasons discussed in Division 3,[17] such an objection would have been futile. Therefore, Riddick cannot show deficient performance of his trial attorney.[18]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[17] Supra.

[18] *Lupoe*, supra at 579 (3) (f) (the failure to pursue a futile objection does not amount to ineffective assistance).