## 46020. GAITHER v. CANNIDA.
### (372 SE2d 429)

MARSHALL, Chief Justice.

This is an appeal by the warden from the grant of habeas corpus to prisoner James Cannida.

James Cannida and others drove from Savannah to Vidalia, drinking and smoking marijuana along the way. They took with them a handgun, a sawed-off shotgun, and ski masks. Carrying the firearms and wearing the masks, Cannida and Horace Glasper entered a liquor store. Glasper announced a hold-up. The store clerk pulled his pistol and killed Glasper. Cannida shot at the clerk with his shotgun, but missed. During trial, Cannida testified that he had gone into the store with the shotgun, but claimed that he had not intended to participate in the armed robbery or to shoot at the victim; that the shotgun just went off; and that he was carrying the loaded shotgun because Glasper told him to do so. Cannida was convicted of criminal attempt to commit armed robbery and aggravated assault. The Court of Appeals affirmed by unpublished opinion. The habeas corpus court held that the offense of criminal attempt to commit armed robbery merged into the offense of aggravated assault, and that trial and appellate counsel were ineffective. The habeas corpus court vacated the conviction for criminal attempt to commit armed robbery, and allowed Cannida to be resentenced for aggravated assault. The warden appeals. We reverse.

1. Aggravated assault is not included in attempted armed robbery as a matter of law, although these two offenses may as a matter of fact merge if the same facts are used to prove both offenses. *Hambrick v. State*, 256 Ga. 148 (4) (344 SE2d 639) (1986) and cits. However, where the underlying facts show that one crime was completed

prior to the second crime, so that the crimes are separate as a matter of law, there is no merger. *Smith v. State*, 258 Ga. 181 (4) (366 SE2d 763) (1988) and cit.

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. The Court of Appeals has determined that the evidence presented at trial was sufficient, when viewed in a light most favorable to the verdict, to prove the appellee guilty of the crimes charged beyond a reasonable doubt in accordance with the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence authorizing the appellee's guilt of the criminal attempt to commit armed robbery began with his departure from Savannah, with two others and with weapons and a change of clothes apparently in the automobile in which the men were riding. The forestock of the shotgun, later carried by the appellee, had been deliberately removed. There apparently were two crocheted hats, both of which had eyeholes in them, one of which was recovered from the store and one of which was recovered from underneath Mary Gillis' house. A black leather bag was also removed from underneath Ms. Gillis' house. The appellee cased the location of the attempted robbery on two different occasions, and then the appellee, accompanied by Horace Glasper, entered the store, armed with a sawed-off shotgun, with the intent, as the jury determined, to commit armed robbery therein. Thus, prior to the appellee's firing the shotgun at the intended victim, constituting the aggravated assault, the appellee had taken repeated, substantial steps toward the commission of the armed robbery, which constituted the offense of criminal attempt to commit armed robbery. Accordingly, the two offenses were separate, and did not merge as a matter of law or fact, and the habeas court's ruling to the contrary is reversed.

2. The habeas court erred in finding that the appellee received ineffective assistance of counsel at the sentencing phase of his trial.

In *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985), this court held as follows:

> In *Strickland v. Washington*, [466] U. S. [668] (104 SC 2052, 80 LE2d 674) (1984), the Supreme Court set forth the standards for judging a defendant's contention that the Sixth Amendment requires a conviction or death sentence to be set aside because of actual ineffective assistance of counsel at trial *or sentencing*. The standards adopted apply to trials of criminal cases and to death penalty sentencing proceedings, *but not to sentencing in other criminal cases*." [Emphases supplied.]

Our holding that the standards do not apply to sentencing in other criminal cases, was based on the following statement in *Strickland,* 466 U. S. 668, supra at 686:

> We need not consider the role of counsel in an ordinary sentencing, which may involve informal proceedings and standardless discretion in the sentencer, and hence may require a different approach to the definition of constitutionally effective assistance.

Although the standards set forth in *Strickland,* supra, and summarized in *Smith v. Francis,* supra, technically may not apply in this non-death-penalty case, we see no reason why they cannot be employed in a case such as the present one, in which there is a range in the possible sentences to be imposed, hence a corresponding duty on counsel to seek whatever mitigation in sentencing may be reasonably available and appropriate.

As summarized in *Smith v. Francis,* supra (1), and as stated in *Strickland,* supra, these standards may be stated as follows. The two-step test is whether counsel's performance was deficient and, if so, whether the deficient performance prejudiced the defense. The burden is on the defendant to make both showings, and a reviewing court can find lack of sufficient prejudice without deciding whether counsel's performance was deficient. The "reasonably effective assistance" standard, adopted in *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974), is the approved standard. The performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances, and every effort must be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time. A reviewing court should recognize that counsel is entitled to a "strong presumption" (which the defendant must overcome) that counsel's conduct falls within the wide range of reasonable professional conduct and that all significant decisions were made in the exercise of reasonable professional judgment. The defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The reviewing court must keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial process work in the particular case. The reasonableness of counsel's action may be determined or substantially influenced by a defendant's own statement or actions.

In this case, at the beginning of the sentencing hearing, the trial judge noted that he was very cognizant of the fact that a person had died during the commission of these crimes. The victim, Mr. McClen-

don, answered two questions from the district attorney in relation to the sentencing and then the district attorney offered a brief argument in aggravation of the sentencing. The trial judge then stated that he was looking for some mitigating evidence from the appellee, and the appellee's attorney, Mr. Strickland, then presented his argument in mitigation. The appellee's age and his long-time residency in Savannah had already been established during the guilt/innocence phase of the trial. Building on this evidence, counsel argued that giving the appellee the maximum sentence, when considered with the appellee's age, would have very little rehabilitative effect. The trial judge noted that the appellee had never admitted his guilt or any remorse for the crime. Counsel then continued his argument, attempting to explain the appellee's position in the case and why the appellee had acted as he had. The appellee himself was also given the opportunity to explain his position to the court, and he claimed that he had not intentionally left his home to commit the robbery. When, given the facts of the case, the trial judge expressed skepticism as to the appellee's claims of innocence, counsel again argued on the appellee's behalf. However, despite counsel's argument on behalf of the appellee, the trial judge then reviewed the facts and circumstances of the case which the court felt affected the sentencing decision. These factors included the trial judge's utter disbelief of the appellee's claim that he had walked into the liquor store with a sawed-off shotgun, but had not intended either to rob the store or to injure the victim. The court also noted that the appellee's actions as a party to these crimes had in effect contributed to the death of the co-conspirator, Glasper, and that the victim himself had to face the reality of having been put in a situation of the appellee's shooting at him, then himself shooting and killing Glasper. The judge also noted that the carrying of the sawed-off shotgun was itself a federal-law violation, and that the appellee could not excuse his actions by saying that he had been drinking prior to the crime. Finally, the judge noted that if the appellee had in fact had a better aim and had killed Mr. McClendon with the shotgun blast, it was possible that the appellee might not have been apprehended from the store robbery, as there would not have been a surviving eyewitness against him. Given all these facts and circumstances, the trial court then sentenced the appellee to the maximum sentence on both counts. The appellee was advised of his rights to appellate and sentencing review.

The habeas court order specified no factual basis for the conclusion of ineffective assistance of counsel at the sentencing phase. Apparently, the only evidence presented to the trial court outside of the transcript regarding this sentencing proceeding was the appellee's own self-serving testimony in which he alleged that other persons would have come and testified on his behalf. It is questionable

whether the appellee properly could proffer what those persons would have testified to had they appeared. The appellee had the opportunity under OCGA § 9-14-48 to submit any affidavits of the actual testimony of these persons, but apparently did not do so. The appellee also maintains that his own more extended testimony (which he was free to give at trial) regarding his prior employment difficulties, somehow would have mitigated his punishment. Finally, he maintains that his explanation of how he became involved in the liquor-store robbery also would have mitigated his crimes. However, the appellee had already testified at trial as to the facts and circumstances as to how he became involved in the robbery. Therefore, either accurate information already had been presented to the trial court which would encompass the information proffered by the appellee or the appellee would have told a different factual version at the sentencing hearing, which probably would not have had a mitigating effect.

The appellee has failed to carry his burden of demonstrating that the acts or omissions of his attorney were outside the wide range of professional and competent assistance, and that he received ineffective assistance of counsel at the sentencing phase of his trial.

3. The habeas court also erred in finding that the appellee received ineffective assistance of counsel on his direct appeal.

As near as can be determined from the habeas petition and the order of the habeas court, the basis of this finding is that the attorney did not raise on direct appeal those allegations of error presented in the habeas petition. All of the grounds of the habeas petition have been found to be without merit either by this court, hereinabove, or by the explicit and implicit rulings of the habeas court, from which the appellee has not appealed. It is the attorney's decision as to what issues should be raised on appeal, and that decision, like other strategic decisions of the attorney, is presumptively correct absent a showing to the contrary by the defendant. *Jones v. Barnes*, 463 U. S. 745, 751-54 (103 SC 3308, 77 LE2d 987) (1983). There has been no showing to the contrary.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 5, 1988.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General, Lamar C. Walter, Special Assistant Attorney General,* for appellant.

*Kenneth D. Kondritzer,* for appellee.