A94A0135. McIVER v. THE STATE.
(442 SE2d 855)

ANDREWS, Judge.

In *McIver v. State*, 205 Ga. App. 648 (423 SE2d 27) (1992), McIver appealed prior to trial from the order of the Superior Court of McIntosh County denying his motion for discharge under OCGA § 17-7-170 for the State's alleged failure to try him within two terms after he filed his demand for trial. We affirmed the trial court's denial, and the remittitur from this court was received and filed by the Clerk of McIntosh Superior Court on February 10, 1993. Subsequently, McIver's case was tried before a jury on March 2, 1993, resulting in a mistrial when the jury was unable to reach a verdict. When the case was thereafter set for trial again in August 1993, McIver moved again for discharge pursuant to his original demand for trial. The trial court denied the motion, and McIver brought the present pre-trial direct appeal. See *Hubbard v. State*, 254 Ga. 694, 695-696 (333 SE2d 827) (1985).

Until amended effective July 1, 1993, OCGA § 15-6-3 (4) (E) provided for four terms of court for McIntosh Superior Court: (1) Febru-

ary term commencing the fourth Monday in February; (2) May term commencing the fourth Monday in May; (3) September term commencing the second Monday in September; (4) December term commencing the first Monday in December. As amended effective July 1, 1993, OCGA § 15-6-3 (4) (E) provides for two terms of McIntosh Superior Court: (1) May term commencing the fourth Monday in May; (2) December term commencing the first Monday in December.

The remittitur from McIver's prior appeal was filed by the superior court clerk on February 10, 1993, reinvesting the trial court with jurisdiction to take further action in the case during the December 1992 term of court. *Chambers v. State*, 262 Ga. 200, 201-202 (415 SE2d 643) (1992). After the trial court reacquired jurisdiction following the appeal, McIver was not required to file a new demand for speedy trial; however, the two-term requirement of OCGA § 17-7-170 (b) during which the State is required to try the case commenced to run again in its entirety. *Ramirez v. State*, 196 Ga. App. 11, 12 (395 SE2d 315) (1990); see *Butler v. State*, 207 Ga. App. 824, 825 (429 SE2d 280) (1993). Accordingly, the State was required to try McIver during the remainder of the December 1992 term or the following February 1993 term, provided there were juries impaneled and qualified to try the case during the remainder of the December 1992 term after the remittitur was filed, and during the February 1993 term. *Kaysen v. State*, 191 Ga. App. 734, 735 (382 SE2d 737) (1989).

It is apparently undisputed that McIver was available for trial at all applicable times, and the State does not contend that McIver took any affirmative action resulting in continuance of the case until a subsequent term, constituting a waiver of his demand. See *State v. Waters*, 170 Ga. App. 505, 508 (317 SE2d 614) (1984). It is also undisputed that jurors were impaneled and qualified to try McIver during the February 1993 term, and that the case was tried on March 2, 1993, during the February 1993 term, resulting in a mistrial. McIver was not thereafter tried during the February 1993 term. He filed his motion for discharge pursuant to OCGA § 17-7-170 when the State called his case for trial during the following May 1993 term.

If jurors were impaneled and qualified to try McIver during the remainder of the December 1992 term after the remittitur was filed, the fact that a mistrial was declared at the February 1993 term was not a reason for refusing his discharge under OCGA § 17-7-170. *State v. Allen*, 165 Ga. App. 86, 88 (299 SE2d 158) (1983). " 'The court could have put the defendant on trial before another jury at the same term of the court.' [Cits.] 'So far as the record discloses, there was no obstacle in the way of trying the defendant again at the [February 1993] term, except the difficulty and expense of obtaining another jury.' [Cit.]" Id. at 88.

The unanswered question in this case is whether there were ju-

rors impaneled and qualified to try McIver during the remainder of the December 1992 term after the remittitur was filed. It appears that both the defendant and the State were confused over the applicable terms of the court, perhaps because of the 1993 amendment to OCGA § 15-6-3 (4) (E) which had taken effect when the motion to discharge was argued. The stipulation of the parties as to terms in which jurors were qualified and impaneled to try the case did not consider the remainder of the December 1992 term. McIver bears the burden to demonstrate that jurors were qualified and impaneled to try the case during the applicable terms (*Roebuck v. State*, 57 Ga. 154 (1876)), and absent clear and convincing evidence to the contrary, we will not disturb the trial court's findings as to whether or not jurors were qualified and impaneled to try the defendant. *State v. Prestia*, 183 Ga. App. 24, 25-26 (357 SE2d 829) (1987). In this case, the trial court did not state the reasons for denial of the motion, and it is clear from the transcript of the hearing on the motion for discharge that the trial court did not consider whether or not jurors were qualified and impaneled to try the case during the remainder of the December 1992 term after the remittitur was filed. We vacate the trial court's order denying the motion and remand the case for reconsideration of the motion on this issue in accordance with this opinion.

*Judgment vacated and case remanded with directions. Beasley, P. J., and Johnson, J., concur.*

DECIDED MARCH 17, 1994 —
RECONSIDERATION DENIED MARCH 30, 1994 — 

*Richard D. Phillips, O. Dale Jenkins*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.