A95A0629. THE STATE v. GRANT.
(457 SE2d 263)

ANDREWS, Judge.

In *Grant v. State*, 212 Ga. App. 565 (442 SE2d 898) (1994), we reversed Grant's conviction and granted him a new trial on the basis that the trial court erroneously denied his motion for a continuance of the trial because of the absence of a material witness. It is undisputed that, prior to the trial, Grant filed a timely demand for trial pursuant to OCGA § 17-7-170 requiring that the State try him within the two term limit of that statute, and that the original trial was held within the two term limit. After reversal of the conviction on appeal, the remittitur from this court was filed by the clerk of the trial court on April 18, 1994, during the April term of the trial court. Grant was not

re-tried during the April term or during the following June term of the trial court. On October 27, 1994, more than two terms after the remittitur was filed, the trial court entered an order discharging and acquitting Grant of the charged offense because the State failed to re-try him within the two term limit of OCGA § 17-7-170. The State appeals from the order of discharge and acquittal.

Having filed a timely demand for trial prior to the trial resulting in his conviction, Grant was not required to file a new demand for trial after his conviction was reversed on appeal. *Ramirez v. State*, 196 Ga. App. 11, 12 (395 SE2d 315) (1990). In order to comply with the original demand for trial, the State was required to re-try Grant during the remainder of the term of the trial court in which the remittitur was filed, or during the following term of the trial court, provided there were juries impaneled and qualified to try the defendant. *Henry v. State*, 264 Ga. 527 (449 SE2d 79) (1994); *McIver v. State*, 212 Ga. App. 670 (442 SE2d 855) (1994); *Ramirez*, supra at 12; see *Butler v. State*, 207 Ga. App. 824, 825 (429 SE2d 280) (1993).

It is undisputed that, during the April term after the remittitur was filed and during the following June term, Grant was available for trial and juries were impaneled and qualified to try him. Nevertheless, the State claims that Grant waived his right to automatic discharge and acquittal for failure of the State to re-try him within the two term limit of OCGA § 17-7-170 because he took affirmative action which resulted in the failure of the case to be re-tried within two terms after the remittitur was filed. " 'The defendant may waive his right to such automatic discharge by some action on his part or on the part of his counsel. *Any affirmative action* of the defendant which results in a continuance of the case, or a failure to try it within the time fixed by the statute after the filing of a demand, has the effect of tolling the time. . . . A waiver of the demand would result from a continuance granted on the motion of the accused, *or from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term.*" (Citations and punctuation omitted; emphasis in original.) *State v. Waters*, 170 Ga. App. 505, 508 (317 SE2d 614) (1984). The State has the burden of showing that the defendant or his counsel took such affirmative action resulting in a waiver of the requirements of OCGA § 17-7-170. *Birts v. State*, 192 Ga. App. 476, 477 (385 SE2d 120) (1989).' " *Ballew v. State*, 211 Ga. App. 672, 673 (440 SE2d 76) (1994).

Prior to Grant's original trial, he moved for a continuance of the trial because of the absence of a material witness. The trial court denied the motion, and the case proceeded to trial resulting in Grant's conviction. Grant appealed to this court, and we reversed the conviction and gave Grant the right to a new trial on the basis that the trial court erred by denying the motion for a continuance. The State con-

tends that, by making the motion for the continuance and, after conviction, appealing and obtaining a reversal on the basis that the motion should have been granted, Grant, in effect, sought and obtained a continuance of his case and waived his demand for trial.

The record does not support the State's contentions. Although Grant sought a continuance of the case prior to the original trial, his motion was denied and the case was tried within the two term limit of OCGA § 17-7-170. During Grant's appeal, the time requirements of OCGA § 17-7-170 were tolled while this court retained appellate jurisdiction of the case. *Henry*, supra at 530. After we reversed the conviction and gave Grant the right to a new trial, the two term limit of OCGA § 17-7-170 began to run again in its entirety commencing with the term in which the remittitur was filed in the trial court. Id. at 531; *McIver*, supra at 671. Although we upheld Grant's claim on appeal that the trial court erred by denying his motion for a continuance of the original trial, Grant's appeal and our holding that he was entitled to obtain the presence of the witness is not alone sufficient to show that Grant took affirmative action resulting in a delay of the re-trial beyond the statutory limit. After the remittitur was filed, there is nothing in the record showing that the re-trial was delayed because of Grant's original motion for a continuance, or because of the continuing absence of the witness the subject of the motion, or because of any other affirmative action taken by Grant or his attorney. We cannot infer from a silent record that Grant or his attorney took affirmative action by which Grant caused or consented to a delay of the re-trial to a subsequent term. *Ballew*, supra at 674. Since the State failed to carry its burden of proof, Grant was entitled to be discharged and acquitted of the offense charged in the indictment.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MAY 1, 1995.

*Douglas C. Pullen, District Attorney, Mark C. Post, Assistant District Attorney,* for appellant.
*Robert L. Wadkins,* for appellee.