## A95A0045. HOUSTON v. THE STATE.
(459 SE2d 583)

POPE, Presiding Judge.

Defendant, the owner of a video rental store, was convicted of knowingly distributing and circulating unauthorized copies of videotapes. See OCGA § 16-8-60. Concluding that defendant's motion for acquittal should have been granted based on the State's failure to comply with his speedy trial demand under OCGA § 17-7-170, we reverse the conviction.

Defendant was indicted in McIntosh County in October 1992, and he filed a demand for trial pursuant to OCGA § 17-7-170 in November 1992. Historically, McIntosh County had four terms of court, starting in February, May, September and December. Based on these four terms, defendant moved for acquittal on February 22, 1993, arguing that his demand for trial was made in the September term, and jurors were impaneled and qualified to try him in both the September and December terms. The trial court denied defendant's motion for acquittal, however, ruling that the legislature had changed the law in 1992 to provide that McIntosh County has only two terms of court, starting in May and December.

While acknowledging that the legislature purportedly amended the terms of court in McIntosh County in 1992 (Ga. L. 1992, p. 1205), defendant points out that the legislature again passed legislation

amending the terms of court in McIntosh County in 1993 (Ga. L. 1993, p. 447). Because the amendment was not reflected in the Official Code of Georgia until after the 1993 legislative session, defendant argues that the amendment was not in effect during the period the State failed to bring him to trial — late 1992 and early 1993.

We agree with defendant that the amendment changing the terms of court from four to two had not gone into effect at that time. Our agreement that the 1992 amendment was not effective is based not on the reason suggested by the defendant — that the amendment was not yet reflected in the Official Code of Georgia — but on an error in the actual language of the 1992 amendment. Specifically, the 1992 amendment purported to amend Ga. L. 1945, p. 1022. But Ga. L. 1945, p. 1022 had already been repealed and replaced by OCGA § 15-6-3. The legislature apparently realized its mistake and reenacted the amendment the following year, correctly stating this time that it was amending OCGA § 15-6-3.

Although we previously affirmed the trial court's denial of defendant's motion for acquittal, see *Houston v. State*, 210 Ga. App. XXXI (1993), we did not have these facts before us and did not address this issue. Moreover, we have since decided *McIver v. State*, 212 Ga. App. 670 (442 SE2d 855) (1994), in which we held that the change from four to two terms in McIntosh County took effect July 1, 1993, and it would not seem fair to deprive defendant of the benefit of that holding.

For these reasons, we reverse the judgment of conviction and direct the trial court to enter a judgment of acquittal under OCGA § 17-7-170.

*Judgment reversed. Ruffin, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I fully concur on the basis of the following legislative history.

The Official Code of Georgia Annotated became effective on November 1, 1982. OCGA § 1-1-9. The legislative intent on the adoption of the Code is stated in OCGA § 1-1-2: "The enactment of this Code is intended as a recodification, revision, modernization, and reenactment of the general laws of the State of Georgia which are currently of force. . . . Except as otherwise specifically provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not intended to alter the substantive law in existence on the effective date of this Code."

In keeping with the desire to revise and modernize the general laws, the General Assembly streamlined Ga. L. 1945, p. 1022, which established the four terms of McIntosh Superior Court and made it part of the 1982 Code as OCGA § 15-6-3 (a) (4) (E): "The terms of

court for the superior courts for each of the judicial circuits shall commence as follows: . . . Atlantic Circuit . . . McIntosh County — Fourth Monday in February and May; second Monday in September; and first Monday in December."

The 1945 statute had provided in section 2 "[t]hat the terms of said court shall begin and be held on the fourth Mondays in February, May [sic] and the second Monday in September and the first Monday in December of each year." This was not part of the 1933 Code. That Code simply stated the general law: "The superior courts shall be held at the county site and courthouse (if any) in each county in the respective judicial circuits, or other places therein designated by law, not less than twice in each year, by one or more of the judges of the superior courts, at the several times prescribed by law" (Code Ann. § 24-3001); "The judges of the superior courts must hold the superior courts of each circuit at the county site and courthouse (if any) of each county, or other place therein designated by law, not less than twice each year, at such times as are prescribed by the General Assembly" (Code Ann. § 24-2609); "The regular terms of the superior and state courts shall continue until the commencement of the next regular term, at which time they shall stand adjourned" (Code Ann. § 24-3010). In order to find the terms of a particular court, one had to go to the statutes themselves. See, e.g., *Grage v. Venable*, 114 Ga. App. 570 (151 SE2d 926) (1966).

Collecting these statutes, as amended, into a comprehensive section of the Official Code was one of the services rendered by the Code Revision Commission. Enactment of the Official Code in 1982 gave it the effect of statute. OCGA § 1-1-1.[1] As a consequence, the terms of court of McIntosh County are officially in OCGA § 15-6-3, which in 1982 superseded Ga. L. 1945, p. 1022, as to the terms of court, by operation of law.

The 1945 statute was purportedly amended by local legislation in Ga. L. 1984, p. 4054. This amendment related to the drawing of grand juries and their terms, not to the terms of court; as to the latter, it only corrected the omission noted above by "sic," by providing the obvious missing words so that it read "the fourth Monday in May." But at least section 2 of that statute had already been superseded and the correction had been made by the Code Revision Commission, so the 1945 statute was of no effect. No conflict was created, however, because there were still four terms of court with the same designated starting times.

---

[1] "The statutory portion of the codification of Georgia laws prepared by the Code Revision Commission and the Michie Company pursuant to a contract entered into on June 19, 1978, is enacted and shall have the effect of statutes enacted by the General Assembly of Georgia. . . ." Ga. L. 1982, p. 3, § 1.

In 1992 an effort was made to change the court terms for McIntosh County by local legislation. The General Assembly sought to amend the Act of 1945, so as to change the terms from four to two and to delete the section on the selection of the grand jury. Ga. L. 1992, p. 1205. Again, this local legislation had no effect, because the act being amended had been dead for a decade. OCGA § 1-1-11 provided: "All laws and parts of laws in conflict with this Code are repealed."

OCGA § 15-6-3 (a) (4) (E) had replaced at least section 2 of that 1945 statute, if not both sections 1 and 2. That is the section which should have been amended in 1992 when McIntosh County sought to amend its terms of court.[2]

Apparently realizing the mistake, the Official Code *was* amended the next year, and the mission was accomplished. Ga. L. 1993, p. 447 struck the four-term mandate and inserted in lieu thereof the following: "(E) McIntosh County — Fourth Monday in May and first Monday in December." This became effective July 1, 1993, as stated in *McIver v. State*, 212 Ga. App. 670 (442 SE2d 855) (1994), because no earlier date was specified. OCGA § 1-3-4 (a).

If one follows this tedious, halting journey carefully, one comes to the end of the road and reaches the inevitable conclusion that when Houston filed his demand for trial on November 13, 1992, there were still extant four terms of court in McIntosh County and the demand was made during the September term, the same term in which he was indicted. It then requires only a small step and the simplest of mathematics to arrive at the ultimate conclusion, which is that when Houston moved for acquittal on Monday, February 22, 1993, the first day of the February term, the trial court was bound to grant it. "If the person is not tried when the demand is made [September term] or at the next succeeding regular court term thereafter [December term], provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment. . . ." OCGA § 17-7-170. It is not disputed that jurors were available.

*McIver v. State*, supra, was correct in stating that "Until amended effective July 1, 1993, OCGA § 15-6-3 (4) (e) provided for four terms of court for McIntosh Superior Court. . . ."[3] *McIver* is a published opinion and thus precedential, which the first *Houston* opinion, supra, preceding *McIver*, is not. At least the three judges of this Court on that panel were unaware of the 1992 effort to change

---

[2] The 1985 edition of the Official Code of Georgia dropped the subdesignation (a) because it was no longer needed, since subdesignation (b) was subsumed into it.

[3] *McIver* was noticed by the Georgia Supreme Court in *Henry v. James*, 264 Ga. 527, 530 (1c) (449 SE2d 79) (1994). That Court did not challenge this statement.

the terms by local legislation amending the 1945 law, and it would be engaging in fiction to impose notice of it on the general public, even if the effort had been otherwise effectual. As said so crystalline in *Sirota v. Kay Homes, Inc.*, 208 Ga. 113, 114-115 (3) (65 SE2d 597) (1951), the legislative act in adopting a code has "the force and effect of enacting into one [law] all of the provisions of that code," and "it must be given effect, not because of any power of legislation in the codifiers, but because of the adopting statute. [Cit.]" "[A]ll matter contained [in such a codification] . . . has the effect of law, and prior conflicting ordinances are impliedly repealed thereby. . . . If the rule respecting official codes were different, no one could with any degree of confidence and safety rely upon them and the codification of laws would, in that event, be only an idle gesture. . . ." (Citations omitted.) Id. at 115.

The 1982 Code had superseded the 1945 statute and it, not the statute, had to be amended so as to effect a change in the terms of court, not only because the 1945 statute was extinct but also to give proper notice of the change to the public. To create a law, the legislature must "enact and publish [it], and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." *Texaco v. Short*, 454 U. S. 516, 532 (102 SC 781, 70 LE2d 738) (1982). That was done, by amending the Code in 1993.

DECIDED JULY 11, 1995.

*Randall M. Clark*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.