### A97A0851. DOEHLING v. THE STATE.
(484 SE2d 791)

SMITH, Judge.

Barbara Joan Doehling appeals the denial of her plea in bar filed after the trial court disqualified a panel of jurors during voir dire. We agree with the State that the trial court did not abuse its discretion in disqualifying the jury panel and that jeopardy did not attach prior to the disqualification. We therefore affirm.

Doehling was charged by accusation with DUI and speeding. The case proceeded to trial, and during voir dire, Doehling's attorney introduced her to the jury panel as follows: "This is Barbara Joan Doehling. She goes by Joan. Ms. Doehling lives up in Roswell where she is a homemaker, now raising her eight-year-old daughter by herself." The State objected to this statement as "totally improper." The trial court instructed Doehling's counsel, "At this point, if you want to introduce Ms. Doehling for the purpose of identification by the jury as opposed to pulling in other facts, then why don't you do that?" Counsel apologized, and voir dire continued.

The next day, when Doehling's counsel was asking individual questions of the jurors, one juror stated that he had served on another criminal jury and that he "felt bad" because the defendant in that case had been sentenced to 25 years without chance of parole. He added, "And I was thinking in this case, for whatever reason, looking at this woman . . . I just really would find . . . it difficult to say that she were guilty knowing that something like that could happen again." In response to defense counsel's question of whether he could follow the trial court's instruction that he should not take punishment into consideration, the juror answered, "I would be able to do that but . . . it's based on something that you said, that she was a single mother with a child at home, and . . . I would feel bad if she had to go to jail, regardless if she was innocent or not." The State requested disqualification of the panel, arguing that defense counsel's comment the previous day prejudiced the jury and "implanted itself" into the jurors' minds. The State pointed out that the jury had twice heard that Doehling was a single mother of an eight-year-old and argued that a curative instruction would not remove this fact from the minds of the jurors. The trial court admonished defense counsel but did not disqualify the panel at that time because the court was "not sufficiently convinced that this panel has been poisoned to the extent" argued by the State. Although the court did

mention that curative instructions might be appropriate, no such instructions were given.

Individual questioning resumed, and in response to the inquiry of whether he could keep an open mind, another juror answered, "Right. Right. I didn't know she had an eight-year-old kid. . . ." Defense counsel interrupted with, "You're willing to just keep an open mind and not lean toward either way?" The juror replied, "Right." The State again moved to strike the panel, arguing that the fact of Doehling's single-mother status was before the panel for the third time, curative instructions could not remove this fact from the jurors' minds, and such an instruction would again remind the jury that Doehling had a small child at home. The court granted the motion.

The next day, before voir dire began with a new panel, Doehling filed a plea in bar, contending that her trial was improperly terminated. The trial court denied the plea, and this appeal ensued.

1. Doehling contends the trial court abused its discretion in disqualifying the entire panel. We disagree. First, Doehling's own counsel invited the remarks by the jurors with his own introduction of Doehling. One may not complain on appeal of a result he or she induced or aided in causing. See, e.g., *Hood v. State*, 216 Ga. App. 106 (453 SE2d 128) (1995); *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251) (1990).

Second, unlike *Brown v. State*, 133 Ga. App. 56, 60 (6) (209 SE2d 721) (1974), cited by Doehling, the trial court did not fail to exercise its discretion. The record shows the trial court did not hastily disqualify the panel. The court first cautioned counsel about his manner of introducing Doehling. Even after one juror expressed his belief that he might not be able to convict Doehling regardless of her guilt, the trial court declined to disqualify the panel, conscientiously choosing instead to listen to responses of other jurors to determine whether their opinions, too, had been tainted by defense counsel's remark. Only after a second juror expressed concern for Doehling's child did the trial court grant the State's motion for disqualification of the panel. Although this juror admitted that he could keep an open mind, this response is not necessarily determinative. See *Lively v. State*, 262 Ga. 510, 511 (1) (421 SE2d 528) (1992). The response of the second juror indicated that damage caused by defense counsel's improper comment was not confined to one juror; the response could well have reminded the rest of the panel, for the third time, that should Doehling be found guilty, her eight-year-old might be left without a parent at home.

It is true that one option available to the trial court was to provide curative instructions. See, e.g., *Nelson v. State*, 199 Ga. App. 487 (405 SE2d 310) (1991). And we have concluded in other cases that

jurors' remarks, even when those remarks commented on the accused's guilt or innocence, did not provide a basis for disqualification. See id.[1] Here, however, the remarks did not simply disclose *one* juror's belief whether Doehling was guilty; the nature of the jurors' remarks also indicated that defense counsel's introduction had resulted in incurable prejudice stemming from sympathy for Doehling and her child. Curative instructions, as argued by the State, could have further reminded the panel of Doehling's status. Because the jurors' remarks demonstrated the possible inherent prejudice in defense counsel's introduction, and because further comment by the court via curative instructions could well have exacerbated this problem, we cannot say that the trial court abused its discretion in disqualifying the panel. Compare *Giles v. State*, 253 Ga. 144, 145 (2) (317 SE2d 527) (1984) (panel retained, although "better practice may have been to excuse" it, after one juror stated that he had " 'firsthand knowledge' " of defendant's actions, and " 'it wasn't good' ").

2. Relying on *United States v. Halper*, 490 U. S. 435 (109 SC 1892, 104 LE2d 487) (1989), Doehling urges this Court to conclude that she was exposed to double jeopardy when the jury was disqualified. *Halper* is inapposite; it does not address the double jeopardy issue raised by the facts here. Moreover, it is well established that jeopardy does not attach before a jury is impaneled and sworn. See, e.g., *Wilson v. State*, 217 Ga. App. 544, 545 (458 SE2d 486) (1995); OCGA § 16-1-8 (a) (2). We find no merit in this contention.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 27, 1997.

*Robert W. Chestney*, for appellant.
*Paul L. Howard, Jr., Solicitor, Cynthia G. Strong-McCarthy, Ingrid D. Hartman, Assistant Solicitors*, for appellee.

---

[1] We note incidentally that in cases such as *Nelson* and *Johnson v. State*, 188 Ga. App. 411, 412 (1) (373 SE2d 93) (1988), cited by Doehling, the appeals involved the *denial* of the defendant's motion to disqualify the entire jury, rather than the grant of the State's motion.