A99A0121. DOEHLING v. THE STATE.
(518 SE2d 137)

SMITH, Judge.

This is the second appearance of this case in this court. Barbara Joan Doehling was charged by accusation with D.U.I. and speeding. Following Doehling's demand for trial, the case was placed on the trial calendar. At trial, during voir dire the trial court granted the State's request to strike the jury panel after finding it had been tainted irreparably by Doehling's counsel's mention of her status as a single mother. Before voir dire began on a new panel, Doehling filed a plea in bar, contending the trial had been improperly terminated. The trial court denied the plea, Doehling appealed the denial, and in *Doehling v. State*, 225 Ga. App. 760 (484 SE2d 791) (1997), we affirmed the trial court.

Upon remittitur from this court, the case was again scheduled for trial. Doehling then filed a motion for discharge and acquittal, alleging that the State had failed to comply with her demand for trial under OCGA § 17-7-170. The trial court denied the motion and the trial proceeded. She was found guilty by a jury of D.U.I. and speeding, and she appeals from the judgments of conviction and sentence entered thereon. In her sole enumeration of error, she contends the trial court erred in denying her motion for discharge and acquittal. We find no error and we affirm the judgments below.

Fulton County State Court has six terms, beginning the first Monday of January, March, May, July, September, and November. Ga. L. 1983, pp. 4501-4502. The record shows that Doehling was charged on December 19, 1995, which was during the November term of court. On March 1, 1996, the last day of the January term, Doehling filed a demand for trial under OCGA § 17-7-170. On April 22, 1996, the day before the case was scheduled to be tried, Doehling notified the court by letter transmitted by fax that she "hereby withdraws her statutory demand for a trial in this term and asks for personal reasons that the trial be continued until after the end of May." The trial court denied the continuance and the voir dire began, but a trial on the charges was forestalled by Doehling's appeal of the trial court's denial of her plea in bar resulting from the replacement of the

jury panel. This court issued its opinion affirming the trial court's action in denying Doehling's plea in bar on March 27, 1997. *Doehling,* supra at 762. The remittitur issued on March 27, 1997 and was filed in the trial court on April 15, 1997, during the March term of court. The case was set for trial in August and was tried on August 14 and 15, 1997.

OCGA § 17-7-170 (b) provides that when an accused files a demand for trial,

> [i]f the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he [or she] shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

Doehling contends that under this Code section and the holding in *Henry v. James,* 264 Ga. 527 (449 SE2d 79) (1994), the State was required to try her by the end of the May term of court.[1] The Georgia Supreme Court held in *Henry* that "[a] defendant who timely filed a pre-appeal demand for trial is not required to file a second demand upon return of the case to the trial court after an appeal. [Cit.]" The Supreme Court in *Henry* also held that the period of time in which a defendant must be tried pursuant to such a demand is tolled while the appellate court has jurisdiction of the case, whether the appeal is pre-trial or post-trial, and that when OCGA § 17-7-170 governs the demand, the State has the remainder of the term in which the remittitur is filed and one additional term in which to try the defendant. Id. at 530-531 (1) (c).

But the underlying requirement remains that a valid demand for trial must exist. Absent such a demand, no right exists to be tried within a certain time frame. And in this case, Doehling had withdrawn her demand prior to the appeal. The issue for resolution in this case is therefore not, as Doehling contends, whether the State complied with OCGA § 17-7-170 (b), but whether Doehling complied with OCGA § 17-7-170 (a) by having in place a valid and timely demand for trial.

Doehling argues that her demand was still valid after both the withdrawal and the remittitur for several reasons. None of her arguments is persuasive.

---

[1] *Henry* involved the provisions of OCGA § 17-7-171 (b), rather than those of OCGA § 17-7-170 (b), because the defendant in *Henry* was accused of a capital crime. But the Code sections are substantially similar, and the principle set forth in *Henry* certainly applies to OCGA § 17-7-170 as well.

(a) Relying upon *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614) (1984) and cases following that decision, Doehling argues that because her attempt to continue the trial in 1996 was unsuccessful, her demand for trial was not waived. It is true that a defendant is deemed to have waived the right to automatic discharge under OCGA § 17-7-170 if he or she takes any affirmative action that results in continuing the case to a time outside the period of the demand. *Fletcher v. State*, 213 Ga. App. 401, 402 (1) (445 SE2d 279) (1994). But this principle is not applicable here. Although Doehling did ask for a continuance that did not result in delaying the case, we need not examine that action or its consequences to determine if it resulted in a waiver of her demand for trial, because she also made a separate and explicit withdrawal of her demand.

(b) Doehling argues that because her withdrawal was not absolute but was intended only to withdraw the demand for the March term, it was still valid upon the filing of the remittitur in the trial court. We cannot agree. Although defense counsel indicated at the motion hearing before trial that it was Doehling's intention not to withdraw the demand unless a continuance was granted, the trial court carefully questioned defense counsel as to whether a "deal" had been worked out with the State that this was a contingent withdrawal, and defense counsel indicated "certainly not."

> The nature of law and the practice of law is such that counsel should be . . . careful and precise in the matter of semantics. . . . It is the lawyer's responsibility to his client to select and employ words in the construction of [pleadings] that will accurately convey the meaning intended.

(Citation and punctuation omitted.) *Kushner v. McLarty*, 165 Ga. App. 400, 401 (1) (300 SE2d 531) (1983). Regardless of Doehling's intention, the plain language of the letter clearly effects an unconditional withdrawal of the demand.

(c) We find disingenuous Doehling's reliance upon cases such as *State v. Grant*, 217 Ga. App. 358 (457 SE2d 263) (1995). In *Grant*, we held that because the defendant filed a timely demand for trial before the trial resulting in his conviction and then appealed his conviction, which resulted in reversal, the State was required to retry him during the term in which the remittitur was filed or the following term, provided that juries were impaneled and qualified. Id. at 359. But the facts in *Grant* simply differ from those in this case, because the defendant in *Grant* did not explicitly withdraw his demand. We will not permit Doehling to manipulate the system by filing a demand, withdrawing it in an attempt to delay a trial, filing an appeal, and then insisting that her demand was somehow automatically revived

upon remittitur. The trial court acted properly in denying her motion for discharge and acquittal.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED MAY 11, 1999 —
RECONSIDERATION DENIED MAY 27, 1999 — CERT. APPLIED FOR.

*Chestney Hawkins Law Firm, Robert W. Chestney,* for appellant.

*Carmen Smith, Solicitor, Cynthia Strong-McCarthy, Assistant Solicitor,* for appellee.