S99A0211. SLOAN v. SANDERS.
(519 SE2d 219)

FLETCHER, Presiding Justice.

We granted the certificate of probable cause to appeal in this habeas corpus action to consider whether Carl L. Sloan's appellate counsel was ineffective in not raising trial counsel's failure to move for dismissal pursuant to a statutory speedy trial demand. Because the record establishes that Sloan was not tried in accordance with his speedy trial demand and no reasonably effective appellate counsel would have failed to assert this issue on appeal, we reverse.

Sloan's trial counsel filed a demand for speedy trial during the July term under OCGA § 17-7-170. Nevertheless, the state did not try Sloan during the July or the succeeding September term. When Sloan's case was called for trial during the November term, his trial counsel failed to assert Sloan's right under OCGA § 17-7-170 to have the charges dismissed. On appeal to the Court of Appeals of Georgia, Sloan's new appellate counsel also failed to raise this issue as ineffectiveness of trial counsel.[1]

Following the affirmance of his convictions, Sloan filed a writ of habeas corpus, asserting that his appellate counsel was ineffective in failing to raise the ineffectiveness of trial counsel. To establish ineffectiveness of appellate counsel, Sloan was required to establish that appellate counsel was deficient in failing to raise the issue and that the deficiency prejudiced the defense.[2]

During the habeas hearing, appellate counsel testified that he was unaware of Sloan's speedy trial demand even though he reviewed the trial court record, which affirmatively showed the speedy trial demand and the failure to try Sloan in accordance with

---

[1] *Sloan v. State*, 214 Ga. App. 784 (449 SE2d 328) (1994).

[2] *Battles v. Chapman*, 269 Ga. 702, 703 (506 SE2d 838) (1998) (for claims of ineffective assistance of appellate counsel, court will apply two-prong analysis of *Strickland v. Washington*, 466 U.S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984)).

that demand. He also testified that there was nothing in his file to indicate that the demand was waived. This record demonstrates that the failure to raise the issue was not a tactical decision that is presumptively correct.[3] Furthermore, because of the mandatory nature of OCGA § 17-7-170, a claim that trial counsel failed to assert Sloan's speedy trial rights is a strong one. Indeed, appellate counsel admitted during the habeas hearing, "[i]f it's in the record I should have raised it." Moreover, appellate counsel raised two very weak claims concerning the failure to give a jury charge that was not requested and the failure to give another that the defendant conceded was not raised by his evidence.[4] Therefore, we conclude that Sloan's appellate counsel was deficient in not recognizing and raising the failure of trial counsel to assert Sloan's statutory speedy trial rights.

To establish prejudice, Sloan must show that there was a reasonable probability that the outcome of the appeal would have been different.[5] Under OCGA § 17-7-170 a failure to try a defendant who has made a proper demand for speedy trial requires that the defendant "shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."[6] Because Sloan established the requirements of OCGA § 17-7-170, we conclude that Sloan established prejudice. Although the state argues that Sloan is presumed to have waived his speedy trial demand, there is no evidence in the record to support this contention and we will not infer waiver of a substantial right from a silent record, whether on direct appeal or in habeas proceedings.[7]

*Judgment reversed. All the Justices concur.*

CARLEY, Justice, concurring.

I agree with the majority opinion and concur in the judgment of reversal. I write only to emphasize that our opinion in no way alters the well-settled principle that one who petitions for a writ of habeas corpus after conviction of a crime "has the burden of proving by a preponderance of the evidence that the judgment attacked is invalid because the prisoner's constitutionally-protected rights were violated in obtaining the judgment. [Cits.]" *Gaither v. Gibby*, 267 Ga. 96, 97 (1) (475 SE2d 603) (1996). The fact that the State has the burden of showing a waiver of the "speedy trial" requirements of OCGA § 17-7-

---

[3] Compare *Gaither v. Cannida*, 258 Ga. 557, 561 (372 SE2d 429) (1988) (strategic decisions of counsel are presumptively correct).

[4] See *Sloan*, 214 Ga. App. at 785-786.

[5] *Battles*, 269 Ga. at 708.

[6] OCGA § 17-7-170 (b).

[7] See *State v. Grant*, 217 Ga. App. 358, 360 (457 SE2d 263) (1995) (burden on state to prove waiver of requirements of speedy trial statute); see also *Larry v. Hicks*, 268 Ga. 487, 488 (491 SE2d 373) (1997) ("waiver is not shown by a silent record").

170 on direct appeal does not relieve the petitioner in a habeas proceeding from meeting his burden of proof. See *Turpin v. Todd*, 268 Ga. 820, 830 (2) (b) (493 SE2d 900) (1997). Thus, as the majority opinion recognizes, Sloan had the burden of proving both that the performance of his attorney on appeal was deficient and that this deficiency prejudiced the defense. In my opinion, Sloan met this burden. The evidence before the habeas court showed that Sloan's trial lawyer failed to move for dismissal pursuant to a timely filed statutory demand for speedy trial, and that the failure to raise the issue on appeal was not a tactical decision. The evidence also raised the inference that the demand was never waived. The respondent failed to produce any evidence that there was a waiver. Accordingly, I concur in reversal of the habeas court's denial of a writ of habeas corpus.

DECIDED JULY 6, 1999.

Carl L. Sloan, *pro se.*
*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General, W. Dennis Mullis,* for appellee.